GARY A. ANGEL, CSB No. 70006
LAW OFFICES OF GARY A. ANGEL
177 POST STREET, EIGHTH FLOOR
SAN FRANCISCO, CA 94108
TELEPHONE: (415) 788-5935
FACSIMILE: (415) 788-5958

Attorneys for Defendant
MARINE TERMINALS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROY WALKER,<br><br>             Plaintiff,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATION;<br>INTERNATIONAL LONGSHORE<br>UNION LOCAL 10; MARINE<br>TERMINALS CORPORATION;<br>PACIFIC C&H SUGAR,<br><br>             Defendants.<br>_____/ | No. C07-03100 BZ<br><br>**DEFENDANT MARINE TERMINALS CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS ENTIRE ACTION [PURSUANT TO F.R.C.P. RULE 12(b)(6)]**<br><br>Date: September 19, 2007<br>Time: 10:00 AM<br>Courtroom: G, 15th Floor<br>Magistrate Judge Bernard Zimmerman |

I.   **SUMMARY OF ARGUMENT**

This motion to dismiss is based upon a complaint that attempts to circumvent the exclusive remedy provisions of the Longshore & Harbor Workers' Compensation Act ("LHWCA"), found at 33 U.S.C. §905(a). As clearly set forth in plaintiff's complaint, and the attachments thereto, plaintiff's exclusive remedy is under the LHWCA and this lawsuit must be dismissed pursuant to F.R.C.P. Rule 12(b)(6), as having no basis in law or fact. Plaintiff James Troy Walker's own complaint, the attachments thereto, and the applicable law, show that plaintiff's exclusive remedy is under the LHWCA, a worker's compensation action, requiring the dismissal of this third-party action.

1  II. **33 U.S.C. §905(a) PROVIDES THAT A LONGSHOREMAN INJURED IN THE COURSE AND SCOPE OF HIS EMPLOYMENT IS EXCLUSIVELY ENTITLED TO WORKER'S COMPENSATION BENEFITS AGAINST HIS EMPLOYER, AND A THIRD PARTY ACTION AGAINST HIS EMPLOYER IS BARRED**

Plaintiff's complaint apparently filed in his own hand on June 13, 2007, and the attachments to it clearly prove that plaintiff's claim is a worker's compensation claim and not a claim for discrimination. Paragraph 4(d) found at page 2:2 of the plaintiff's complaint describes the acts for which he is suing as:

> "From on the job injuries: I was diagnosed from my doctors with brain damage . . . ."

(Judicial notice is requested, pursuant to F.R.E. §201.) He then goes on to state (regarding the basic facts of his claim at Paragraph 6 of the complaint) at page 2:16:

> "The attorney said it's just a workman compensation case. Why am I not getting paid for pain & suffering?"

(Judicial notice is requested, pursuant to F.R.E. §201.) Served with the summons and complaint on Marine Terminals Corporation ("MTC") were the attachments from his lawyers in the underlying worker's compensation case, Philip R. Weltin, Esq., of Weltin Law Office, P.C.. As the document of December 28, 2006, attached as Exhibit 1 to this motion, states:

> "Dear Mr. Walker:
>
> I have explained to you, at length, the value of your case. I have put it in writing. I have spoken with you face-to-face on numerous occasions, both with your friends in attendance, and with your wife in attendance, at your request.
>
> The maximum that you can obtain is based on your average weekly wage, paid to you for the remainder of your life, with cost of living increases. That is the maximum. There is no more than that. The nature and extent of your injuries is irrelevant, except as it affects your capacity to earn money. if you are 100% disabled, it doesn't matter how many injuries you have. There is no pain and suffering award. There is no lost wage award. This is the law in Longshore compensation matters.
>
> * * *

You have rejected every recommendation that I have given you. Of course, that is your right. However, you must come to understand what you are rejecting in light of reality. <u>The reality is that your case is a compensation case, and nothing more. There can be no third-party claim since your injuries are the result of the negligence of a co-employee.</u>" [Emphasis supplied.]

Also served upon MTC with the complaint was the letter from Deepa M. Savani, M.D., of Kaiser Permanente (attached as Exhibit 2 hereto), dated March 28, 2007, confirming that plaintiff's claim relates to a May 1, 2002 accident, while he was performing his work as a longshoreman. At Dr. Savani's letter states:

"I am currently following Mr. James T. Walker in the Medical Clinic at this facility.

On 5-01-02, Mr. Walker sustained a traumatic brain injury while performing his work duties as a longshoreman. He was subsequently followed in the Occupational Medicine Clinic here for post-concussive syndrome."

As set forth in the attached declaration from MTC's human resources representative, Mr. Ken Auletta, plaintiff has filed a longshore and harbor worker's compensation claim against MTC under Case No. 2005-LHC-1474 and OWCP No. 13-101312, for this accident. Moreover, as the additional documentation served with the summons and complaint from Mr. Walker states (Exhibit 3 hereto), Mr. Walker, himself, declares under penalty of perjury, on April 27, 2007 as follows:

"On May 01, 2002

I J.T. Walker was working in Crockett Calif. on sugar ship at C&H Sugar for Marine Terminal. When backhoe operator came from water side where he was working over to port side where I was working and spong backhoe around harder than Barry Bones swing that hit 6 foot scraper that was leaning against wall into right eye and face. I was knocked unconscious for 1 or 2 mintues [sic]. I sustained a traumatic brain injury while performing my work duties as a longshoreman. . . ."

Therefore, it is clear in this case, as against MTC, his employer, plaintiff has

already availed himself of the "exclusive" remedy available to him as against his employer, to wit: the Longshore and Harbor Workers' Compensation Act. Therefore, exclusive remedy provisions of the LHWCA bar this action against this moving party, MTC.

The exclusive remedy provisions of the LHWCA, found at 33 U.S.C. §905(a), bar an action by the employee against the employer, in this case the defendant MTC. As 33 U.S.C. §905(a) states:

> "The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, <u>and anyone otherwise entitled to recover damages from such employer at law or in admiralty</u> on account of such injury or death . . . ." [Emphasis added.]

There is no doubt about the fact that a longshore employee has the exclusive remedy of longshore and harbor worker compensation against his employer. This is set forth in Martin J. Norris' seminal work of <u>The Law of Maritime Personal Injuries</u>, 4th Ed., in his chapter on the compensation act, where as set forth at Section 4:8, it states:

> "[W]orkmen's compensation is in the nature of a compromise between the worker and the employer. In return for the certainty of recompense in the form of compensation payments irrespective of fault as a cause of the injury, the employee accepts under the Act the exclusivity of liability for the injury as against his employer."

In this case, plaintiff has, in fact, sought his exclusive remedy against this employer under the LHWCA. He cannot evade that exclusive remedy, and continue this third-party complaint against his employer.

**III.    CONCLUSION**

Plaintiff, having already pursued his exclusive remedy under the LHWCA cannot now bring this action as it is barred as against his employer, MTC. There is absolutely

1 | not basis for this action and therefore, it must be dismissed.

2 | DATED: July 10, 2007                              Respectfully submitted,

3 |                                                                    LAW OFFICES OF GARY A. ANGEL

4 |
5 |                                                                     /s/ Gary A. Angel
    |                                                                    Gary A. Angel, Attorneys for Defendant
6 |                                                                    MARINE TERMINALS CORPORATION

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MTC'S MOTION TO DISMISS ENTIRE ACTION

**WELTIN LAW OFFICE, P.C.**

PHILIP R. WELTIN
BRIAN E. KERSS
PATRICK B. STREB
ANA L. MOLLEDA
DANIEL R. WELTIN

1432 MARTIN LUTHER KING JR. WAY • OAKLAND, CA 94612
TEL (510) 251-6060 • FAX (510) 251-6040

December 28, 2006

James T. Walker
P.O. Box 9301
Vallejo, CA 94591

Re:   Walker v. MTC

Dear Mr. Walker:

I have explained to you, at length, the value of your case. I have put it in writing. I have spoken with you face-to-face on numerous occasions, both with your friends in attendance, and with your wife in attendance, at your request.

The maximum that you can obtain is based on your average weekly wage, paid to you for the remainder of your life, with cost of living increases. That is the maximum. There is no more than that. The nature and extent of your injuries is irrelevant, except as it affects your capacity to earn money. If you are 100% disabled, it doesn't matter how many injuries you have. There is no pain and suffering award. There is no lost wage award. This is the law in Longshore compensation matters.

Attached is all my prior correspondence concerning the handling of your claim and its evaluation. Obviously, you are not satisfied with the answers I have given to you. I do not know where you are getting your information, but it is wrong information. If you do not believe me, it is my suggestion that you seek the services of a competent Longshore and Harbor Workers lawyer to review, evaluate and settle the case instead of me, although I am certain that you will receive the same answers from any Longshore specialist.

You have rejected every recommendation that I have given you. Of course, that is your right. However, you must come to understand what you are rejecting in light of reality. The reality is that your case is a compensation case, and nothing more. There can be no third-party claim since your injuries are the result of the negligence of a co-employee.

Very truly yours,

Philip R. Weltin

**EXHIBIT   1**

 **KAISER PERMANENTE.**  Kaiser Permanente Medical Center

March 28, 2007

ILWU-PMA Welfare Plan
1188 Franklin Street, Suite 300
San Francisco, CA. 94109

RE:  WALKER, JAMES T.
MR#  09733358

To Whom It May Concern:

I am currently following Mr. James T. Walker in the Medical Clinic at this facility.

On 5-01-02, Mr. Walker sustained a traumatic brain injury while performing his work duties as a longshoreman. He was subsequently followed in the Occupational Medicine Clinic here for post-concussive syndrome.

Since the injury, Mr. Walker has continued to suffer from post-concussive symptoms, including severe headaches, ataxia, memory problems, etc. He has been unable to work since 5-01-02, and he is permanent/stationary disabled from his longshoreman work and any other work.

I hope this information will be helpful to you. If I can be of any further assistance, please contact me.

Sincerely,

Deepa M. Savani, M.D.
Department of Medicine

DMS:ceh/ceh

975 Sereno Drive
Vallejo, California 94589-2485
(707) 651-1000

EXHIBIT 2

07687-000 (REV. 12-01)

TO: Whom It May Concern,

FROM: J. T. Walker,

DATE: April 25, 2007

EEOC CHARGE # 555-2007-00584
CHARGING PARTY: WALKER, James. T.
RESPONDENT: Pacific Maritime Association

On May 01, 2002
I J.T. Walker was working in Crockett Calif. on sugar ship at C&H Sugar for Marine Terminal. When backhoe operator came from water side where he was working over to port side where I was working and spong backhoe around harder than Barry Bones swing that hit 6 foot scraper that was leaning against wall into right eye and face. I was knocked unconscious for 1 or 2 mintues. I sustained a traumatic brain injury while performing my work duties as a longshoreman. I was subsequently followed in the Occupational Medical Clinic for post-concussion syndrome. Calhoun was backhoe operator in which I saw in Longshore Hall and he said he would never apologize because backhoe malfuction.

I was diagnose from my Doctors in which I have Brain Damage, Ears Ringing 24/7. Rest of my life Nerve damage, Headaces mild to severe everyday. Vomiting from sever headaces from time to time. Sleeps 2 to 4 hours a night every since head injury. Severe anger rages from pain of headaces. Dislocated Spinal Cord C2 through C7 Dizziness and Balance off. Knee operation on both knees, constant back pain, neck pain, shoulder pain. Has short term memory problems, ataxia, etc. I have been unable to work since 05-01-02 and I am Permanently stationary disable from longshore work or any work. I have been living on Social Security and Savings for last 2 years an 7 months which is very stressful for a man with brain injury.

James T. Walker

I declare under penalty of perjury that the above statements are true and correct.

04-27-07

DATE:

*James T Walker*

SIGNATURE:

RECEIVED
MAY 04 2007
EEOC - OLO

EXHIBIT 3