MORGAN, LEWIS & BOCKIUS LLP
L. Julius M. Turman, State Bar No. 226126
M. Michael Cole, State Bar No. 235538
One Market, Spear Street Tower
San Francisco, CA  94105
Tel:  415.442.1000
Fax:  415.442.1001
E-mail: jturman@morganlewis.com
           mcole@morganlewis.com

Attorneys for Defendant
Pacific Maritime Association

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Troy Walker,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Pacific Maritime Association, International Longshore Union Local 10, Maritime Terminals Corp., Pacific C&H Sugar,,<br><br>                    Defendants. | Case No. 07-03100 BZ<br><br>**DEFENDANT PACIFIC MARITIME ASSOCIATION'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:          September 19, 2007<br>Time:          10:00 a.m.<br>Courtroom  G, 15th Floor<br>Judge:          Bernard Zimmerman |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 19, 2007, at 10:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom G of the above-entitled Court, located at 450 Golden Gate Avenue, 15th Floor, San Francisco, California, Defendant Pacific Maritime Association ("PMA") will and does hereby move this Court, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff James Troy Walker's Complaint, an individual claim for discrimination under Title VII, 42 U.S.C. 2000e *et seq*. Defendant hereby requests such relief because Plaintiff has not exhausted his administrative remedies and has failed to state a claim for relief.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7576038.1

DEFENDANT PMA'S NOTICE OF MOTION
AND MOTION TO DISMISS (07-03100 BZ)

1    PMA's motion will be based on this Notice of Motion and Motion, the Memorandum of

2    Points and Authorities (attached hereto), the [Proposed] Order (filed concurrently) and all

3    pleadings and papers on file together with said argument and evidence as permitted at the hearing.

4

5    Dated:  July 17, 2007                                    MORGAN, LEWIS & BOCKIUS LLP

6

7    By  /s/
                                                                     L. Julius M. Turman
8                                                                    Attorneys for Defendant
                                                                     Pacific Maritime Association

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Troy Walker ("Plaintiff" or "Walker") purports to bring a single claim Complaint against multiple defendants pursuant to Title VII of the 1964 Civil Rights Act.  The crux of his Complaint is that he was injured on the job and as a result, should be entitled to recover damages for "pain and suffering."  Even giving his Complaint the most liberal construction, Plaintiff has completely failed to state a claim for relief.  Simply put, Title VII addresses claims for discrimination in employment and Plaintiff has not alleged any facts stating a claim for such discrimination.   In any event, Plaintiff's claim is also unexhausted.  Although Plaintiff claims to bring a cause of action under Title VII, he has attached right to sue letters from the California Department of Fair Employment and Housing.  It is well established that in order to bring a claim under Title VII, one must first obtain a right to sue letter from the Equal Employment Opportunity Commission ("EEOC").  Having failed to do so, Plaintiff has not exhausted his Title VII claim and this court lacks jurisdiction to adjudicate his complaint.  For all these reasons, Plaintiff's complaint must be dismissed.

## II.    ARGUMENT

### A.    Plaintiff Did Not Exhaust his Title VII Claim

Plaintiff purports to allege one cause of action for "employment discrimination" pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5, *et. seq.*   Complaint, ¶ 3.  It is beyond dispute that a Plaintiff is required to exhaust his or administrative remedies and obtain a "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC") before filing a Title VII action.  *See, e.g., Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 715 n. 1 (9th Cir. 2001) ("Title VII requires that a plaintiff obtain a "right to sue" letter from the EEOC before filing an action"); *see also* 42 U.S.C. 2000e-5(f)(1).  Under Title VII, the failure to exhaust administrative remedies is a basis for dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See Sommatino v. United States*, 255 F.3d 704, 711 (9th Cir. 2001) (affirming dismissal of an individual Title VII harassment claim under Rule 12(b)(1) for failure to exhaust

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7576038.1                                        3                    DEFENDANT PMA'S NOTICE OF MOTION
AND MOTION TO DISMISS (07-03100 BZ)

1   administrative remedies).

2          Although Plaintiff alleges that he received the requisite "right to sue" letter from the

3   EEOC, the "right to sue" letters attached to the Complaint plainly show that this is not the case.[1]

4   The only "right to sue" letters attached are from the Department of Fair Employment and Housing

5   ("DFEH").   *See* Complaint, Attachments.  It is well established that a DFEH right to letter does

6   not satisfy the jurisdictional requirement for filing a claim under Title VII.  *See Roman v. County*

7   *of Los Angeles,* 85 Cal.App.4th 316, 325-26 (2000); *Baker v. Res-Care Inc.*, 2005 WL 1500847,

8   *4 (N.D.Cal. 2005); *cf. Martin v. Lockheed Missles & Space Co.,* 29 Cal.App.4th 1718, 1726

9   (1994) (EEOC right to sue letter did not satisfy jurisdictional requirements for filing a FEHA

10  claim).   Section 2000e-5(e)(1) of the Title 42 of the United States Code provides a time deadline

11  for obtaining an EEOC right-to-sue notice after having "initially instituted proceedings with a

12  State or local agency with authority to grant or seek relief from such practice . . ."  Moreover, the

13  DFEH letters issued to Plaintiff clearly state that his right to file a claim under the provisions of

14  the "Fair Employment and Housing Act" but that "[q]uestions about the right to file under federal

15  law should be referred to the EEOC."  Under these circumstances, Plaintiff's right to sue letters

16  from the DFEH cannot provide Plaintiff a basis for suing under Title VII.  *Roman*, 85

17  Cal.App.4th at 325-26.

18         By failing to obtain a right to sue letter from the EEOC prior to bringing this federal

19  action, Plaintiff Walker has plainly failed to exhaust his administrative remedies and

20  requirements.  Consequently, his Complaint, which solely alleges a claim under Title VII, should

21  be dismissed.

22     **B.      Plaintiff Fails to State a Claim Under Title VII**

23         In order to state a claim under Title VII, Plaintiff must show: (1) that he is a member of a

24  protected class; (2) satisfactory performance; (3) that he suffered an adverse job action; and (4)

25

26  [1]  This court, of course, may disregard Plaintiff's allegations if contradicted by facts established
by reference to documents attached as exhibits. *See Durning v. First Boston Corp.*, 815 F2d 1265,
27  1267 (9th Cir. 1987).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7576038.1                4         DEFENDANT PMA'S NOTICE OF MOTION
AND MOTION TO DISMISS (07-03100 BZ)

1    other circumstances suggesting a discriminatory motive.   *See Alaniz v. Robert M. Peppercorn,*

2    *M.D., Inc.*, 2007 WL 1299804, *4 (E.D.Cal. 2007).

3          Here, Plaintiff cannot state a claim under Title VII.   The crux of his complaint is that he

4    was injured on the job and that for these injuries he should receive compensation for "pain and

5    suffering."  Complaint, ¶¶ 4, 6.  Nowhere, however, has Plaintiff alleged that PMA took an

6    adverse job action against him on account of any protected category.   In *Weissleader v. Lerner*,

7    Case No. 03-cv-00588 (C.D. Cal. July 9, 2003) (report and recommendation adopted), *affirmed*

8    *by* 128 Fed.Appx. 600 (attached hereto as Exhibit A), plaintiff brought suit against her former

9    workers' compensation attorney, her former union, the State of California, and another state

10   entity alleging that in a workers' compensation proceeding, her attorney conspired with others to

11   deprive her of certain benefits to which she claims she was entitled.  *Id.* at *4.  Plaintiff purported

12   to bring a claim under Title VII.  *Id.*  As explained by the court, Title VII concerns "unlawful

13   discrimination by employers . . .employment agencies . . .or labor organizations" and that none

14   of her allegations fell under that statute.  *Id.* at **5-6.

15         Here, as in *Weissleader*, Plaintiff has not alleged any facts pertaining to unlawful

16   discrimination which would fall under Title VII.  To that end, he has not even marked a protected

17   category on which he claims he was discriminated against.  Complaint, ¶ 5.  Plaintiff has also

18   failed to specify an "adverse job action."  Complaint, ¶ 4.  Accordingly, Plaintiff's Complaint

19   fails entirely to put PMA on notice as to the basis for his claim and what is alleged, does not state

20   a claim for relief under Title VII.  Accordingly, Plaintiff's Complaint should be dismissed.[2]

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26

27   _____

     [2]  Defendant PMA also joins in the motion to dismiss filed by Defendant Marine Terminals Corp.
28   which requests dismissal on the grounds that the Longshore Harbor & Workers' Compensation
     Act provides Plaintiff with his exclusive remedy.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7576038.1                                  5                   DEFENDANT PMA'S NOTICE OF MOTION
                                                                   AND MOTION TO DISMISS (07-03100 BZ)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant PMA respectfully requests that the Court grant its motion to dismiss.  Not only is Plaintiff's claim unexhausted, but his claim fails to state a cause of action under Title VII.

Dated: July 17, 2007                                MORGAN, LEWIS & BOCKIUS LLP


By  /s/
                                                         L. Julius M. Turman
                                                         Attorneys for Defendant
                                                         Pacific Maritime Association

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7576038.1                                  6                    DEFENDANT PMA'S NOTICE OF MOTION
                                                                     AND MOTION TO DISMISS (07-03100 BZ)