

Steven R. Blackburn, State Bar No. 154797
Matthew A. Goodin, State Bar No. 169674
Rachel S. Hulst, State Bar No. 197330
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:     415.398.3500
Facsimile:     415.398.0955
SBlackburn@ebglaw.com
MGoodin@ebglaw.com
RHulst@ebglaw.com

Attorneys for Defendants
C&H SUGAR COMPANY, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES TROY WALKER<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATIONS; MARINE TERMINALS CORP.; PACIFIC C&H SUGAR COMPANY, INC.; INTERNATIONAL LONGSHORE UNION LOCAL 10,<br><br>Defendants. | CASE NO.  C 07-03100 BZ<br><br>**DEFENDANT C&H'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [Fed. R. Civ. Proc. 12(b)(6)]**<br><br>Hearing Date:  September 19, 2007<br>Time:          10:00 A.M.<br>Courtroom:     G, 15th Floor<br><br>Magistrate Judge Bernard Zimmerman. |

## NOTICE OF MOTION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Please take notice that on September 19, 2007 at 10:00 A.M. or as soon thereafter as the matter may be heard in Magistrate Judge Bernard Zimmerman's courtroom located at 450 Golden Gate Avenue, San Francisco, California, Defendant C&H Sugar Co., Inc. will move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing this action against Defendant C&H.  This motion is based on this notice of motion and memorandum of points and authorities, the request for judicial notice filed and served herewith, upon the papers, records and pleadings on file herein, and upon any oral argument at the hearing on the motion.

1        <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    <u>INTRODUCTION AND SUMMARY OF FACTS</u>**

3        Defendant C&H Sugar Co., Inc. ("C&H") operates a sugar refining operation in Crocket,

4    California.  Plaintiff James Walker has filed this *pro se* claim against C&H, the Pacific Maritime

5    Association, Marine Terminals Corporation, and the International Association of Longshore

6    Workers, Local 10.  The complaint is styled as a single cause of action arising under Title VII of

7    the Civil Rights Act of 1964.  It is difficult to discern from the complaint exactly what the

8    substance of Mr. Walker's claim is, particularly so as to Defendant C&H because the Company

9    was never his employer and the attachments to his complaint reveal that he was injured by a

10   coworker while working at Marine Terminals.  In any event, the case is plainly untimely on its

11   face.  Accordingly, dismissal under FRCP 12 (b)(6) is required.

12   **II.    <u>LEGAL ANALYSIS</u>**

13       Where the facts and dates alleged in the complaint indicate the claim is barred by the

14   statute of limitations, an FRCP 12(b)(6) motion to dismiss for failure to state a claim lies.  *FRCP*

15   *§ 12(b)(6); Berry v Chrysler Corp.* (1945, CA6 Mich) 150 F2d 1002*; Foote v Public Housing*

16   *Comm'r* (1952, DC Mich) 107 F Supp 270*; Patitucci v United States* (1959, ED Pa) 178 F Supp

17   507, 2 FR Serv 2d 83.

18       **A.    <u>Plaintiff's Title VII Cause of Action Is Time Barred</u>**

19       For purposes of Title VII enforcement, California is a "deferral state", which means that

20   when charges of conduct violating Title VII are initially filed with a state agency, like

21   California's Department of Fair Employment and Housing, it is deemed "constructively filed"

22   within the EEOC at the time of the initial administrative agency filing.  *McConnell v. General*

23   *Tel. Co. of Calif.*  (9th Cir. 1987) 814 F.2d 1311, 1315-1316.  In a deferral state, a charge of

24   discrimination must be filed with the EEOC within 300 days of the alleged discriminatory

25   conduct.  42 USC §2000e-5(e)(1).

26       Plaintiff's complaint in this lawsuit unequivocally states that the alleged discriminatory

27   conduct occurred on September 21, 2005.  (See Compliant ¶ 7.)  Defendant has filed herewith a

28   request for Judicial Notice of an EEOC document showing that Plaintiff filed his charge of

SF:145379v1                                                   C& H's Motion to Dismiss
                                                             Case No. C 07-03100 BZ

discrimination on May 4, 2007.  (See EEOC Notice of Charge of Discrimination as to Defendant C&H, Exhibit A to Request for Judicial Notice.)  Accordingly, Plaintiff's claims are time barred against Defendant C&H because his Title VII state agency charge was filed almost *two years* after the alleged discriminatory conduct occurred.   Simply because Plaintiff is currently unrepresented by an attorney does not permit him to disregard the laws that govern pleading practice.  *Pro per* plaintiffs are treated no different than any other litigants and are held to the same standards as litigants represented by counsel. *E.g., Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.  Plaintiff does not meet the 300 day statutory requirement and his claims against C&H must be dismissed in their entirety.

**B.    Plaintiff's Inferred Negligence Action is Also Time Barred**

In a sworn statement attached to his complaint, Plaintiff states that on May 1, 2002:

> I was working. . .on sugar ship at C&H Sugar for Marine Terminal, [w]hen backhoe operator came from water side where I was working over to port side where I was working and spong backhoe. . .into right eye and face.  I was knocked unconscious for 1 or 2 mintues [sic]  I sustained a traumatic brain injury while performing my work duties as a longshoreman. . .

While it is difficult to interpret his precise claims, the only "wrong" alleged in Plaintiff's complaint for damages is this incident that occurred in May of 2002.  To the extent that Plaintiff may seek to avoid dismissal without leave to amend by alleging he has some claim against C&H based on negligence arising from this incident, any such claim is time barred. The statute of limitations for personal injury or wrongful death actions in tort under California law is two years. *Cal. Code of Civ. Proc. § 335.1.*  Since he filed his complaint on June 13, 2007, he has not filed within the two year period.  As set forth above, as a *pro per* plaintiff, he must be treated no differently than any other litigants. *Nwosu* at p. 1246.  Plaintiff's claims against C&H must also be dismissed in their entirety on this basis.

1

### III.    <u>CONCLUSION</u>

2

Based on the foregoing, Defendant C&H requests that the Court dismiss Plaintiff's entire

3

action against Defendant C&H with prejudice.

4

DATED: July 23, 2007                              EPSTEIN BECKER & GREEN, P.C.

5

6

By:  _____

7

Steven R. Blackburn
Matthew A. Goodin

8

Rachel S. Hulst
Attorneys for Defendant

9

C&H Sugar Company

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -