UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES TROY WALKER,         )
                           )
        Plaintiff(s),      )   No. C07-3100 BZ
                           )
     v.                    )   **ORDER GRANTING DEFENDANTS'**
                           )   **MOTIONS TO DISMISS**
PACIFIC MARITIME ASSOC., et)
al.,                       )
                           )
        Defendant(s).      )
_____)

Defendants Pacific Maritime Association, Marine Terminals Corporation, and C&H Sugar Company, Inc. have filed motions to dismiss Mr. Walker's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).  For the reasons set forth below, defendants' motions are **GRANTED**.

On June 13, 2007, Mr. Walker filed his complaint against the three defendants and the International Longshore Union Local 10.[1]  The complaint is written on an employment

---

[1] Local 10 has not yet appeared in this action. Although a summons was issued as to Local 10, it is unclear whether the complaint was actually served.  All other parties, however, have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

1

1  discrimination complaint form and claims violations of Title
2  VII of the Civil Rights Act of 1964.  Compl. ¶ 3.  In
3  describing the discriminatory acts complained of, Mr. Walker
4  describes having received severe injuries on the job.[2]  Id. at
5  ¶ 4.  There is no explanation of what acts of the defendants
6  were discriminatory.  Nor does Mr. Walker state how the
7  defendants' acts were discriminatory, i.e., with regard to his
8  race, religion, etc.[3]  Id. at ¶ 5.  Finally, in describing the
9  facts surrounding his claim for discrimination, Mr. Walker
10 states: "The attorney said it's just a workman compensation
11 case.  Why am I not getting paid for pain and suffering?".[4]
12 Id. at ¶ 6.  This is alleged to have occurred on or about
13 September 21, 2005.  Id. at ¶ 7.

---

[2]  Mr. Walker attached to his complaint a copy of a typed letter describing the job incident, which he provided to the Equal Employment Opportunity Commission.  The letter, dated April 27, 2007 and signed under penalty of perjury, states that he was working "on a sugar ship at C&H Sugar for Marine Terminals" on May 1, 2002, that he sustained severe head injuries resulting from the operation of a backhoe, and that he has not been able to work since that time.

[3]  In an unsworn letter filed in opposition to defendants' motions, Mr. Walker states that he "felt" that he "was treated unfairly because I'm a A man with no family history on the water front."  See Docket No. 23.  He describes "a B person" who was a third or fourth generation waterfront worker who was also injured and who supposedly received more compensation while out on injury.

[4]  Attached to Mr. Walker's complaint is the second page of a two-page letter dated September 21, 2005 from Philip R. Weltin of the Weltin Law Office, P.C.  In the letter, attorney Weltin appears to advise Mr. Walker that his recovery in the case would be limited to that available under the Longshore and Harbor Workers Compensation Act (LHWCA), and that acceptance of a lump sum payment would be against Mr. Walker's interests.  At the September 19, 2007 hearing on defendants' motions, the attorney for Marine Terminals explained that Weltin is representing Mr. Walker in his pending LHWCA claim.

2

At the September 19, 2007 hearing on defendants' motions, Mr. Walker, though not under oath, elaborated on his claims. He explained that he filed a claim against Marine Terminals under the LHWCA but that his trial keeps getting continued. He stated that he knew of several former co-workers who were injured on the job and who received greater compensation than what he has been offered in settlement. He stated that some of the co-workers were female, some were white, and some had family links to waterfront work. He also complained about the representation he received from his previous attorney, Cory Birnberg, and that attorney Weltin, apparently his current worker's compensation attorney, had refused to represent him in district court. Mostly, however, Mr. Walker insisted that he is entitled to more money for his injuries than what has been offered, and he feels that defendants have stalled and used other tactics to force an unfair settlement on him.

In support of their motions, defendants argue that to the extent Mr. Walker claims Title VII violations, they are time barred.[5] Generally, a Title VII claimant must file charges with the Equal Employment Opportunity Commission "within one

---

[5] A motion to dismiss under Rule 12(b)(6) should be granted only if plaintiff's complaint fails to set forth facts sufficient to establish a plausible right of recovery. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. Everest & Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994); see also Mitan v. Feeney, 2007 WL 2068106, at *9 (C.D. Cal.) (discussing the post-Twombly standard). In resolving a 12(b)(6) motion, a court may consider materials attached by plaintiff to his pleadings. See Canlas v. Eskanos & Adler, P.C., 2005 WL 1630014 at *2 (N.D. Cal.) (citing Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1997)).

3

1  hundred and eighty days after the alleged unlawful employment
2  practice occurred . . . ."  42 U.S.C. § 2000e-5(e)(1).  Where
3  a claimant has first initiated proceedings with a state or
4  local agency, such as the Department of Fair Employment and
5  Housing, he must file charges with the EEOC "within three
6  hundred days after the alleged unlawful employment practice
7  occurred, or within thirty days after receiving notice that
8  the State or local agency has terminated the proceedings under
9  the State or local law, whichever is earlier . . . ."  Id.
10      Based on right-to-sue notices issued by the DFEH and
11 attached by Mr. Walker to his complaint, it appears that Mr.
12 Walker filed charges first with the EEOC and that those
13 charges were referred to the DFEH, which chose not to
14 investigate.[6]  The notices refer specifically to EEOC case
15 filing numbers in each matter, which indicate that the
16 complaints were filed in 2007.  Moreover, Mr. Walker attached
17 to his complaint a copy of a letter he wrote and swore to
18 which describes his EEOC charge against Pacific Maritime.  The
19 letter is dated April 27, 2007 and is stamped as having been
20 received by the EEOC on May 4, 2007.
21      Judging from his complaint, and assuming the statements
22 he made at the hearing were included in his complaint,
23 attorney Weltin told Mr. Walker on September 21, 2005 about

---

[6] Mr. Walker attached, amongst other things, three right-to-sue notices from the DFEH, one for each of three separate EEOC charges filed by Mr. Walker against defendants. One is dated May 3, 2007, and the other two May 4, 2007. Each notice states that the EEOC had referred the complaint to the DFEH; the DFEH waived its right to investigate the matter; the EEOC would handle the investigation; and the notice served as a right-to-sue letter for purposes of filing suit in state court.

1  the limitations on his recovery.  By that time, Mr. Walker
2  knew of the amount of compensation offered by Marine Terminals
3  to settle his claim.  Assuming that the longer 300-day filing
4  period applies, and that Mr. Walker presents Title VII claims,
5  Mr. Walker should have filed with the EEOC by July 18, 2006.
6  Documents attached to Mr. Walker's complaint demonstrate that
7  Mr. Walker did not file his administrative charges until May
8  2007, which is too late.  The claims are therefore dismissed
9  without leave to amend.[7]

10     As noted, however, Mr. Walker's complaints are focused on
11 his efforts to be paid for the injuries he received in 2002.
12 Marine Terminals, his employer at the time, argues that, as to
13 it, the LHWCA, 33 U.S.C. §§ 901 et seq., provides the
14 exclusive remedy to Mr. Walker for his injuries.[8]  I agree.
15 Mr. Walker has filed an administrative claim under the LHWCA.
16 Under the plain terms of the statute, he cannot file both an
17 administrative claim and a civil action against Marine
18 Terminals.  The administrative claim Mr. Walker has filed is
19 his exclusive remedy against Marine Terminals for the injuries
20 he suffered in 2002.  Any complaints Mr. Walker has about the

---

[7] I also agree with the defendants that Mr. Walker's complaint does not state facts sufficient to support his Title VII claims.  Even after the hearing, it is unclear to me how Mr. Walker suffered an adverse employment action, and how amending his complaint could cure the deficiencies.

[8] Section 905(a) of the statute states in part: "The liability of an employer prescribed in . . . this title shall be exclusive and in place of all other liability of such employer to the employee . . . except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee . . . may elect to claim compensation under the chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death."

5

delays in hearing his LHWCA claim must be directed to the appropriate judge or agency. To the extent his complaint may be read as seeking to impose liability on Marine Terminals for these injuries in addition to its liability under the LHWCA, the claim must be dismissed.

Nor can Mr. Walker avoid the exclusivity of the LHWCA by attacking the other defendants. Although section 905(b) may allow for an injured employee to bring a negligence action against the owner of the vessel involved in the accident, Mr. Walker has not claimed that C&H or Pacific Maritime owned the vessel that he was injured on.[9] Mr. Walker has provided no factual or legal support for the maintenance of a suit against C&H and Pacific Maritime as an attempt to collect a greater payment for his injuries.[10] Thus, his claims must be dismissed as to C&H and Pacific Maritime as well.

Mr. Walker's complaint fails to allege a discrimination claim and, in any event, such claims are time barred. To the extent Mr. Walker seeks to hold the defendants liable for the

---

[9] At the hearing, counsel for C&H stated that C&H was not the owner of the vessel at issue. Pacific Maritime, it was explained, is an association of longshore employers and is neither an employer or a vessel owner.

[10] Even if Mr. Walker did have some reason for believing C&H or Pacific Maritime were responsible for his injuries, such claims likely would be barred by the three-year filing limitation applied to maritime tort actions under 46 U.S.C. App. § 763a recently re-codified at 46 U.S.C. § 30106. See Williams v. Grieg Shipping A/S, 219 F.R.D. 537, 538 (S.D. Ala. 2003) (applying the three-year filing limitation to a section 905(b) action); Woodard v. Totem Ocean Trailer Exp., Inc., 2000 WL 33128494, at *1 (W.D. Wash.) (same); Logwood v. Appollo Marine Specialists, Inc., 772 F. Supp. 925, 927 (E.D. La. 1991) (same); see also Mendez v. Ishikawajima-Harima Heavy Industries Co., Ltd., 52 F.3d 799, 800-01 (9th Cir. 1995) (applying § 763a to a negligence claim against the manufacturer of a vessel).

6

injuries he suffered in 2002, such claims are barred by the LHWCA and the applicable filing limitations.  No amendment to his complaint can correct these problems.[11]  For these reasons, defendants' motions to dismiss are **GRANTED**.[12]

Dated: September 24, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\Walker v. Pac. Maritime\ORDER GRANT MOT DISMISS 2.wpd

---

[11]  With his complaint, Mr. Walker filed a "Motion to Appoint Attorney."  Docket No. 3.  In an employment discrimination case, a court may appoint counsel at its discretion.  Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981).  When appointment of counsel is requested, the court considers: a) the plaintiff's financial need; b) efforts made by the plaintiff to secure counsel; and c) whether the plaintiff's claim has merit.  See id.  Because Mr. Walker's claims are so flawed, I **DENY** Mr. Walker's motion to appoint counsel.

[12]  Mr. Walker's claim against the International Longshore Union Local 10 remains.