GARY A. ANGEL, CSB No. 70006
LAW OFFICES OF GARY A. ANGEL
177 POST STREET, EIGHTH FLOOR
SAN FRANCISCO, CA 94108
TELEPHONE: (415) 788-5935
FACSIMILE: (415) 788-5958

Attorneys for Defendant
MARINE TERMINALS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROY WALKER,<br><br>        Plaintiff,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATION;<br>INTERNATIONAL LONGSHORE<br>UNION LOCAL 10; MARINE<br>TERMINALS CORPORATION;<br>PACIFIC C&H SUGAR,<br><br>        Defendants.<br>_____/ | No. C07-03100 BZ (ADR)<br><br>**DEFENDANT MARINE TERMINALS CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER OF DISMISSAL [CIVIL LOCAL RULE 7-9]** |

**I.     PRELIMINARY STATEMENT**

     The court by its "Briefing Order," dated November 21, 2007, allowed opposition to be filed relating the above-referenced motion no later than December 5, 2007. Defendant Marine Terminals Corporation ("MTC") hereby files its opposition consistent with that Briefing Order.

**II.    THERE IS NO WAY AROUND THE EXCLUSIVE REMEDY PROVISIONS FOUND IN 33 U.S.C. §905(b) AS SET FORTH IN MTC'S ORIGINAL MOVING PAPERS AND THE ORDER OF COURT AND AS CLEARLY SHOWN IN PLAINTIFF'S MOVING PAPERS AND REQUESTED FIRST AMENDED COMPLAINT**

     Plaintiff James Troy Walker's requested "First Amended Complaint for Damages" filed with his moving papers on November 7, 2007, at 11:05 AM, absolutely

and without question proves that his motion as against MTC, given the controlling law, cannot be viable and does not change the fact that the exclusive remedy provisions preclude his lawsuit as against MTC. As this court stated in its "Order Granting Defendants' Motions to Dismiss," filed on September 24, 2007:

> "As noted, however, Mr. Walker's complaints are focused on his efforts to be paid for the injuries he received in 2002. Marine Terminals, his employer at the time, argues that, as to it, the LHWCA, 33 U.S.C. §§ 901 et seq., provides the exclusive remedy to Mr. Walker for his injuries. [Footnote omitted.] I agree. Mr. Walker has filed an administrative claim under the LHWCA. Under the plain terms of the statute, he cannot filed both an administrative claim and a civil action against Marine Terminals. The administrative claim Mr. Walker has filed is his exclusive remedy against Marine Terminals for the injuries he suffered in 2002. Any complaints Mr. Walker has about the delays in hearing his LHWCA claim must be directed to the appropriate judge or agency. To the extent his complaint may be read as seeking to impose liability on Marine Terminals for these injuries in addition to its liability under the LHWCA, the claim must be dismissed."

As any clear reading (in fact, any reading whatsoever) of Mr. Walker's moving papers and the First Amended Complaint for Damages" attached to his moving papers clearly proves, his complaint, as against MTC, is one for negligence (see First Amended Complaint, page 3:19 - 4:5, and 5:7-16). There can be no other reading of plaintiff's moving papers and proposed First Amended Complaint that his claim is one for negligence as against MTC for his injuries which he sustained while employed for MTC on May 1, 2002. As set forth in plaintiff's oral argument, in his prior pleadings and documents attached thereto, and as per the previously filed declaration in MTC's original motion papers (see the Declaration of Ken Auletta filed in support of MTC's 12(b)(6) motion), it is without doubt that plaintiff has a longshore and harbor worker's compensation claim pending relative to this May 1, 2002 accident, case no. 2005-LHC-1474 and OWCP No. 13-101312. This is beyond dispute in this matter. The exclusive remedy provisions of the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. §901, et seq., § 905(b), notwithstanding any issue of tolling, preclude plaintiff's action against MTC in this litigation.

Plaintiff's moving papers further leave no doubt that his action is barred by

1 applicable law and is one for negligence against his employer, when plaintiff states in

2 his declaration dated November 6, 2007, at page 2:1-2:

> "4.   I now understand why the court dismissed my suit as to certain parties.  I have now <u>amended my complaint to allege personal injury due to negligence on the part of those parties</u>."  [Emphasis added.]

5 As previously set forth before this Court, served by plaintiff with the original

6 summons and complaint were attachments from plaintiff's lawyers in the underlying

7 worker's compensation case.  As the document of December 28, 2006, attached as

8 Exhibit 1 to MTC's previous motion, states:

> "Dear Mr. Walker:
>
> I have explained to you, at length, the value of your case. I have put it in writing. I have spoken with you face-to-face on numerous occasions, both with your friends in attendance, and with your wife in attendance, at your request.
>
> The maximum that you can obtain is based on your average weekly wage, paid to you for the remainder of your life, with cost of living increases. That is the maximum. There is no more than that. The nature and extent of your injuries is irrelevant, except as it affects your capacity to earn money. if you are 100% disabled, it doesn't matter how many injuries you have. There is no pain and suffering award. There is no lost wage award. This is the law in Longshore compensation matters.
>
> * * *
>
> You have rejected every recommendation that I have given you. Of course, that is your right. However, you must come to understand what you are rejecting in light of reality. <u>The reality is that your case is a compensation case, and nothing more. There can be no third-party claim since your injuries are the result of the negligence of a co-employee.</u>" [Emphasis supplied.]

21 Also served upon MTC with the complaint was the letter from Deepa M. Savani,

22 M.D., of Kaiser Permanente, dated March 28, 2007, confirming that plaintiff's claim

23 relates to a May 1, 2002 accident, while he was performing his work as a

24 longshoreman.  At Dr. Savani's letter states:

> "I am currently following Mr. James T. Walker in the Medical Clinic at this facility.
>
> On 5-01-02, Mr. Walker sustained a traumatic brain injury while performing his work duties as a longshoreman.  He was subsequently followed in the Occupational Medicine Clinic here for post-concussive syndrome.

1 MTC's human resources representative, Mr. Ken Auletta, further confirmed in his
2 declaration that plaintiff filed a longshore and harbor worker's compensation claim
3 against MTC under Case No. 2005-LHC-1474 and OWCP No. 13-101312, for the
4 accident.  Mr. Walker, himself, declared under penalty of perjury, on April 27, 2007, as
5 follows:

6 "On May 01, 2002

7 I J.T. Walker was working in Crockett Calif. on sugar ship at C&H Sugar
for Marine Terminal.  When backhoe operator came from water side
8 where he was working over to port side where I was working and spong
backhoe around harder than Barry Bones swing that hit 6 foot scraper
9 that was leaning against wall into right eye and face.  I was knocked
unconscious for 1 or 2 mintues [sic].  I sustained a traumatic brain injury
10 while performing my work duties as a longshoreman. . . ."

11 These facts are further confirmed in plaintiff's instant motion, declaration, and
12 proposed First Amended Complaint.  Therefore, it is clear in this case, as against
13 MTC, his employer, plaintiff has already availed himself of the "exclusive" remedy
14 available to him, to wit: the Longshore and Harbor Worker's Compensation Act
15 ("LHWCA").  Therefore, the exclusive remedy provisions of the LHWCA bar this action
16 against this moving party, MTC, notwithstanding any tolling issue.

17 The exclusive remedy provisions of the LHWCA, found at 33 U.S.C. §905(a),
18 bar an action by the employee against the employer, in this case the defendant MTC.
19 As 33 U.S.C. §905(a) states:

20 "The liability of an employer prescribed in section 904 of this title shall be
exclusive and in place of all other liability of such employer to the
21 employee, his legal representative, husband or wife, parents,
dependents, next of kin, <u>and anyone otherwise entitled to recover</u>
22 <u>damages from such employer at law or in admiralty</u> on account of such
injury or death . . . ."  [Emphasis added.]
23

24 There is no doubt about the fact that a longshore employee has the exclusive
25 remedy of longshore and harbor worker compensation against his employer.  This is
26 set forth in Martin J. Norris' seminal work of The Law of Maritime Personal Injuries, 4th
27 Ed., in his chapter on the compensation act, where as set forth at Section 4:8, it states:
28 "[W]orkmen's compensation is in the nature of a compromise between

4
MTC'S OPPOSITION TO MOTION LEAVE TO FILE A MOTION FOR RECONSIDERATION

      the worker and the employer.  In return for the certainty of recompense in the form of compensation payments irrespective of fault as a cause of the injury, the employee accepts under the Act the exclusivity of liability for the injury as against his employer."

In this case, plaintiff has, in fact, sought his exclusive remedy against this employer under the LHWCA.  He cannot evade that exclusive remedy against his employer.

### III.  CONCLUSION

      Therefore, notwithstanding any "tolling" issues, as against this party, his employer MTC, under applicable law there is no basis for reconsideration, or to allow plaintiff leave to file an amended complaint.  The amended complaint which plaintiff attaches to his motion, under applicable law, is still precluded under the LHWCA as against MTC.  Equitable tolling would not affect that applicable law.  Moreover, there is nothing in the plaintiff's moving papers that would even suggest that equitable tolling has any sort of application to this case.  Nothing outside the plaintiff's control made it impossible for him to timely assert his claim.  In fact, he has asserted his claim and it is contrary to law with regard to the LHWCA.  There is nothing indicating that plaintiff has actively pursued his remedy in a "timely" manner but simply filed a defective pleading.  <u>His claim is simply barred by law.</u>  In fact, he has had counsel from the outset with regard to this matter, who has informed him that his claim against MTC cannot be made because of the exclusive remedy provisions of the LHWCA.

      Equitable tolling has no basis in this case, as against MTC.  As shown by the original complaint filed in this case and the First Amended Complaint attached to plaintiff's instant motion, and as set forth in plaintiff's declaration, plaintiff's negligence claims against MTC while employed as a longshoreman are barred as a matter of law, and there is no amendment that can change that situation.

DATED: November 29, 2007           Respectfully submitted,

                                          LAW OFFICES OF GARY A. ANGEL

                                          /s/ Gary A. Angel
                                          Gary A. Angel, Attorneys for Defendant
                                          MARINE TERMINALS CORPORATION

Re: <u>Walker v. PMA, et al.</u>

## PROOF OF SERVICE

I declare that:

I am over the age of 18 and not a party to the within action; my business address is 177 Post Street, Suite 890, San Francisco, California, 94108.

On November 29, 2007, I served the following document(s):

1. DEFENDANT MARINE TERMINALS CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER OF DISMISSAL [CIVIL LOCAL RULE 7-9]

on the parties in said action, by placing true copies thereof in sealed envelopes addressed as shown below for service as designated below:

/X/ <u>By First Class Mail</u> - I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in the United States mail at San Francisco, California.

/ / <u>By Hand Delivery</u> - I caused each such envelope, to be hand delivered to said address(es).

/ / <u>By Facsimile</u> - By transmitting a facsimile copy of the above document(s) to the following addressee(s) at the following facsimile number(s):

<u>Addressee(s)</u>

James Troy Walker
P.O. Box 9301
Vallejo, CA 94591
Tel:  707-315-3310
[In Pro Per]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 29, 2007, at San Francisco, California.

Rose Chan