1  Steven R. Blackburn, State Bar No. 154797
   Matthew A. Goodin, State Bar No. 169674
2  Rachel S. Hulst, State Bar No. 197330
   EPSTEIN BECKER & GREEN, P.C.
3  One California Street, 26th Floor
   San Francisco, California 94111-5427
4  Telephone:    415.398.3500
   Facsimile:    415.398.0955
5  SBlackburn@ebglaw.com
   MGoodin@ebglaw.com
6  RHulst@ebglaw.com

7  Attorneys for Defendants
   C&H SUGAR COMPANY, INC.
8

9              UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12 JAMES TROY WALKER                    CASE NO.  C 07-03100 BZ

13              Plaintiff,              **DEFENDANT C&H'S OPPOSITION TO
                                        PLAINTIFF'S "DEEMED" MOTION TO
14    v.                                SEEK LEAVE TO FILE AN AMENDED
                                        COMPLAINT**
15 PACIFIC MARITIME ASSOCIATIONS;
   MARINE TERMINALS CORP.; PACIFIC      Magistrate Judge Bernard Zimmerman.
16 C&H SUGAR COMPANY, INC.;
   INTERNATIONAL LONGSHORE UNION
17 LOCAL 10,

18              Defendants.

19

20 **I.    INTRODUCTION AND SUMMARY OF FACTS**

21        Plaintiff James Walker is a *pro se* litigant.  On June 13, 2007, he filed a *pro se* form

22 complaint against defendants C&H Sugar Company, Inc. ("C&H"), Pacific Maritime

23 Association, Marine Terminals Corporation, and the International Longshore Union Local 10.

24 While not entirely clear, it appeared that Plaintiff was attempting to bring Title VII employment

25 discrimination causes of action against defendants in that complaint.  Defendants C&H, Marine

26 Terminals and Pacific Maritime Association moved to dismiss all of those claims in separate

27 12(b)(6) motions.  After a lengthy hearing during which this Court permitted Plaintiff to set forth

28 each and every one of his arguments on his behalf, on September 24, 2007, this Court issued an

order dismissing all of Plaintiff's claims against Marine Terminals, Pacific Maritime Association and C&H.  Plaintiff then brought a Motion for Reconsideration, requesting relief from the court's order dismissing his claims.  On October 31, the Court denied Plaintiff's Motion for Reconsideration because he failed to meet his burden to support that motion.  But, the Court decided to give Plaintiff another chance by characterizing his Motion for Reconsideration as a Motion Seeking Leave to file an Amended Complaint.  Based on that finding, the Court has directed defendants to address the issue of whether the doctrine of equitable tolling applies to Plaintiff's claims set forth in his proposed first amended complaint.  The claims set forth against C&H in that complaint do not warrant equitable tolling.  Plaintiff's "deemed" Motion Seeking Leave to file an Amended Complaint should be denied.

## II.    <u>LEGAL ANALYSIS</u>

While it is still difficult to discern the specifics of Plaintiff's claims in his proposed First Amended Complaint ("FAC"), it appears that Plaintiff is attempting to bring simple negligence causes of action against C&H.  (See FAC, ¶¶ 8, 9, 19, 20.)  Although he cites to various maritime workers compensation laws in his proposed amended complaint, those laws do not apply to defendant C&H because Plaintiff was never an employee of C&H.  Plaintiff's statements in court and his proposed First Amended Complaint confirm that he never worked for C&H.  Specifically, he alleges that on May 1, 2002, he was *working for Pacific Maritime Association* at the C&H plant, as an assigned shoveler, while unloading sugar from a C&H ship.  (FAC, ¶ 8.)  He never alleges that he was ever employed by C&H, and, he was not.  The Jones Act, or any other similar maritime laws relevant to Plaintiff like the Longshoreman and Harbor Worker's Compensation Act, do not apply to any negligence claims he has against a third party like C&H.  Those laws specifically govern a longshoreman's on the job injury and only apply to an employer of the worker.  (*See*  33 USC §§ 901 *et seq.*)  He has also abandoned his Title VII claims dismissed against C&H in his initial complaint as they are completely absent from the contents of his proposed first amended complaint.  Accordingly, the only issue before the Court relevant to defendant C&H is whether Plaintiff's third party negligence claims against C&H should be equitably tolled.  They should not.

1

2

3

### Plaintiff's Negligence Causes of Action Brought Against C&H Should Not Be Equitably Tolled

4      "Federal courts have typically extended equitable relief only sparingly." *Irwin v.*

5    *Department of Veterans Affairs* 498 US 89, 96-97 (1990). Federal precedent equitably tolls the

6    limitations period in three circumstances: (1) where a plaintiff has actively pursued his or her

7    judicial remedies by filing a timely but defective pleading; (2) where extraordinary

8    circumstances outside the plaintiff's control make it impossible for the plaintiff to timely assert

9    his or her claim; or (3) where the plaintiff, by exercising reasonable diligence, could not have

10   discovered essential information bearing on his or her claim. *Abbott v. State of Alaska*, 979 P.2d

11   994, 998 (Alaska 1999). Plaintiff fails to demonstrate any of the above factors.

12      First, it is abundantly clear that Plaintiff did not file a timely complaint of *any* sort against

13   Defendant C&H. He first filed a claim against C&H on until June 13, 2007, *over three years*

14   after the statute of limitations had run on his negligence claims. Additionally, it is clear that

15   Plaintiff *could have* filed a complaint during that time period because Plaintiff was capable of

16   filing a Longshoreman and Harbor Worker's Compensation claim against other parties pending

17   relative to this May 1, 2002 accident (Case No. 2005-LHC-1471 and OWCP No. 13-101312, *see*

18   evidence of the existence of Plaintiff's LHWC claim, Exhibit 1 to the Declaration of the Ken

19   Auletta filed in support of Marine Terminals Corporation's 12 (b) (6) motion to dismiss).

20   Plaintiff has filed multiple papers with this Court; he has also had ample opportunities to speak

21   his mind on these issues in open court. However, still, he has presented absolutely no evidence

22   to reveal that he ever even attempted to file any third party negligence claims against C&H

23   before the statute of limitations had run out.

24      Second, Plaintiff has displayed no extraordinary circumstances that would have made it

25   impossible for him to timely assert his negligence claim against C&H. While he claims in his

26   Motion for Reconsideration moving papers that he lost "legal competency" for several years due

27   to his head injury, he provides no evidence to support such a contention. In fact, evidence

28   already before this Court proves the contrary. A party does not lose legal competency simply

because he is injured.  A letter from Plaintiff's psychologist dated April of 2006 reveals that the psychologist "do[es] not believe that [Plaintiff's] primary disability or the primary damages due to his accident is psychological.  Chronic pain and dizziness do appear to be the serious disabling consequences of his injury."  (See April 2, 2006 letter from Keith H. Schroder, PhD, attached to Plaintiff's initial complaint in this case.)  Moreover, Plaintiff was clearly legally competent enough to seek the advice of an attorney in 2005 and file a Longshore and Harbor Worker's Compensation claim relative to this May 1, 2002 accident, case no. 2005-LHC-1471 and OWCP No. 13-101312 (*See* September 21, 2005 letter  from Philip R. Weltin at the Weltin Law Office, also attached to his initial complaint in this case; *see also* evidence of the existence of Plaintiff's LHWC claim, Exhibit 1 to the Declaration of the Ken Auletta filed in support of Marine Terminals Corporation's  12 (b) (6) motion to dismiss).  Accordingly, Plaintiff cannot claim that the alleged loss of legal competency for several years made it impossible for him to timely assert these negligence claims against C&H.

Finally, the third factor considered when deciding equitable tolling issues is not satisfied here because Plaintiff has not shown he was unable to discover essential information bearing on his claim.  In fact, it appears that Plaintiff did exercise reasonable diligence of which he *should* have discovered such information. Specifically, on at least two occasions, in or about September 2005 and December 2006, Plaintiff visited an attorney to discuss his case.  (*See* letters dated September 21, 2005 and December 28, 2006 from Philip R. Weltin at the Weltin Law Office, also attached to his initial complaint in this case).  When a party's attorney is put on notice of a potential claim, the party cannot claim excusable neglect. *See Irwin v. Department of Veterans Affairs*  498 US 89 (1990).  It is clear that during those visits they discussed the facts of the incident at length; "I have explained to you at length the value of your case." (*See* December 28, 2006 letter from P.Weltin).  Moreover, his attorney was able to obtain enough information from Plaintiff to assist in the filing of his LHWCA claim.  Either Plaintiff or his attorney should have easily been able to discover whether or not Plaintiff also had a viable cause of action to file against C&H.  But, still, Plaintiff never attempted to file an action against C&H until five years after the incident, three long years after the statute of limitations had run. Based on a detailed

review of all the facts, his attorney specifically told him that *he had no third party negligence claim because his injuries "are the result of the negligence of a co-employee."* (See December 28, 2006 letter from P. Weltin, emphasis added).

After speaking to an attorney at length about the facts of his case, he cannot now argue that he is suddenly of the mind that he has a separate claim against C&H relating to these same set of facts. It is hardly credible that a man with alleged "memory loss" issues, could somehow better recollect events five years following the incident, now realizing that a new party is responsible for his injuries. Equitable tolling was surely not created to protect this type of plaintiff. Plaintiff had ample opportunities within the statute of limitations period to explore bringing a negligence cause of action against C&H. He did not file one complaint against C&H until *five years* following the alleged incident. The courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin* at p. 97. The doctrine of equitable tolling does not apply to Plaintiff's claims against C&H.

### III.   <u>CONCLUSION</u>

Based on the foregoing, Defendant C&H requests that the Court deny Plaintiff's request for leave to file a First Amended Complaint because the statute of limitations has run and equitable tolling does not apply.

DATED: December 5, 2007                     EPSTEIN BECKER & GREEN, P.C.


                                            By:  /s/ Rachel S. Hulst
                                                 Steven R. Blackburn
                                                 Matthew A. Goodin
                                                 Rachel S. Hulst
                                                 Attorneys for Defendant
                                                 C&H Sugar Company