UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROY WALKER, ) | |
| ) | |
| Plaintiff(s), ) | No. C07-3100 BZ |
| ) | |
| v. ) | **ORDER GRANTING IN PART** |
| ) | **PLAINTIFF'S MOTION FOR LEAVE** |
| PACIFIC MARITIME ASSOC., et ) | **TO FILE MOTION FOR** |
| al., ) | **RECONSIDERATION AND TO FILE** |
| ) | **FIRST AMENDED COMPLAINT AS** |
| Defendant(s). ) | **TO DEFENDANT C & H SUGAR** |

On November 7, 2007, plaintiff filed a motion for leave to file a motion for reconsideration regarding this Court's dismissal of his complaint.[1] For the reasons set forth below, plaintiff's request is **GRANTED IN PART**.

On June 13, 2007, plaintiff filed his complaint using an employment discrimination complaint form claiming violations of Title VII of the Civil Rights Act of 1964. Plaintiff averred that he was discriminated against when defendants treated him differently than other workers who were injured on

---

[1] Although plaintiff appears pro se, currently he seems to be getting legal assistance of some sort.

1

1  the job.  Defendants Pacific Maritime Association, Marine
2  Terminals Corporation, and C&H Sugar Company, Inc. filed
3  motions to dismiss the complaint pursuant to Federal Rules of
4  Civil Procedure 12(b)(1) and (6).  I granted defendants'
5  motions to dismiss finding, among other things, that some of
6  plaintiff's claims were barred by the Longshore and Harbor
7  Workers Compensation Act and others were untimely.
8      On October 10, 2007, plaintiff filed a motion for
9  reconsideration which was denied because it did not comply
10 with the local rules.  On November, 7, 2007, plaintiff filed
11 this motion for leave to file a motion for reconsideration and
12 attached a copy of his proposed first amended complaint.
13     Federal Rule of Civil Procedure 15 (a) provides that "a
14 party may amend a party's pleading once as a matter of course
15 at any time before a responsive pleading is served."  The
16 Ninth Circuit permits a plaintiff to amend once as a matter of
17 right, even after a motion to dismiss has been granted, unless
18 the defects in the complaint are uncurable.  Doe v. U.S., 58
19 F.3d 494, 497 (9th Cir. 1995) ("a motion to dismiss is not a
20 'responsive pleading' within the meaning of the Rule.")
21 Because defendants have not filed a responsive pleading,
22 plaintiff is permitted to file an amended complaint unless it
23 fails to cure the defects which caused the prior dismissal.
24     In his first amended complaint, plaintiff abandons his
25 Title VII discrimination claims and instead alleges negligence
26 ///
27 ///
28 ///

2

1 claims against C & H and Marine Terminals only.[2]

2 In an effort to avoid the statute of limitation arguments which caused his first complaint to be dismissed, plaintiff now contends that he "lost legal competency for several years" and invokes the doctrine of equitable tolling.  Plaintiff however makes no effort to avoid the preemption doctrine which caused his complaint to be dismissed against his employer, Marine Terminals Corporation.  Accordingly, for the reasons set forth in my September 26, 2007 order, plaintiff's negligence claims against his employer Marine Terminals are preempted by the Longshoreman and Harbor Workers Compensation Act.  33 U.S.C. § 905.  The proposed amendment as to Marine Terminals would not cure this defect.

As to C & H Sugar, regardless of which statute of limitation applies, the Supreme Court has held that there is a rebuttable presumption that all federal statutes of limitations contain an implied equitable tolling provision.[3] Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 – 97 (1990).  See Abbott v. State, 979 P.2d 994, 998 (Alaska 1999)

---

[2] Plaintiff originally sued I.L.U. Local 10.  It is not clear whether Local 10 was ever served, but since Local 10 is not named in the Amended Complaint, it is **DISMISSED.**

[3] Since C & H is a third party, it is not clear that the Jones Act three year limitations period would apply to plaintiff's claims against C & H.  If plaintiff is alleging only state law negligence claims, presumably those statutes of limitation would apply.  In that event, it is not clear whether this court would have subject matter jurisdiction over C & H - the only remaining defendant.  Plaintiff does not allege diversity jurisdiction but C & H does not claim that it is not diverse.  These are issues to be resolved in the future, beginning at the case management conference scheduled for January 28, 2008.

1  (equitable tolling applies to the three year Jones Act
2  limitations period).  Equitable tolling of a limitations
3  period is appropriate in three circumstances: (1) where the
4  plaintiff has actively pursued his judicial remedies by filing
5  a timely but defective pleading (Burnett v. New York Cent. R.
6  Co., 380 U.S. 424, 430 (1965)); (2) where extraordinary
7  circumstances outside the plaintiff's control made it
8  impossible for the plaintiff to timely assert his claim (Stoll
9  v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999); or (3) where
10 the plaintiff, by exercising reasonable diligence, could not
11 have discovered essential information bearing on his claim
12 (Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452 (7th Cir.
13 1990)).
14      Here, the "extraordinary circumstances" exception may
15 apply.  In his declaration in support of this motion,
16 plaintiff states that he "lost legal competency for several
17 years due to his head injury."  Mental incapacity and the
18 effect it has upon the ability to file a lawsuit can be an
19 "extraordinary circumstance" beyond a plaintiff's control.
20 Robles v. Leppke, 2007 WL 2462058 * 1 (E.D. Cal.); see also
21 United States v. Brockamp, 519 U.S. 347, 348 (1997) ("[mental
22 disability], we assume, would permit a court to toll the
23 statutory limitations period"); Laws v. Lamarque, 351 F.3d 919
24 (9th Cir. 2003) (mental incompetence may warrant equitable
25 tolling for the period the prisoner was incompetent if he can
26 show that the incompetency in fact caused the filing delay).
27 However, the burden is on plaintiff to make a sufficient
28 showing of mental incompetence.  Stoll v. Runyon, 165 F.3d

4

1238, 1242 (9th Cir. 1999), (equitable tolling is proper where "overwhelming evidence" demonstrated that complainant was completely disabled during the limitations period); see also Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (letter from psychologist inadequate basis for equitable tolling).

Thus, while it is not clear that plaintiff will be able to make a sufficient showing of mental incompetency for the time period in question, construing his pleadings in the light most favorable to him, it does appear that there might be some plausible basis for application of the equitable tolling doctrine in this pro se case.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to file a motion for reconsideration is **GRANTED** as to defendant C & H Sugar. The Clerk is directed to file a copy of plaintiff's first amended complaint. C & H shall respond by **January 22, 2008**.

Dated: December 28, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\Walker v. Pac. Maritime\ORDER GRANTING  LEAVE TO FILE AMENDED COMPLAINT.BZ VERSION.wpd

5