1  James T. Walker
   P.O. Box 9301
2  4272 Melody Lane
   Vallejo, CA 94591
3  Tele: (707) 315-3310

4  Plaintiff,
   JAMES T. WALKER
5  in *pro per*

*FILED*

*DEC 28 2007*

*RICHARD W. WI...*
*CLERK U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORN*

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  JAMES T. WALKER,                    **CASE NUMBER: C07-3100 BZ**

10      Plaintiffs,                    FIRST AMENDED COMPLAINT FOR
                                        DAMAGES
11  vs.
                                        JURY TRIAL DEMANDED
12  C & H SUGAR, MARINE TERMINALS
    CORPORATION, and DOES ONE TO FIFTY,
13  inclusive,

14      Defendants.

15

16  _____/

17                         **JURISDICTION**

18  1.      This action arises under the rules of admiralty and maritime law, (the Jones Act claims, 46

19  U.S.C., and general maritime laws, 46 U.S.C.  46 U.S.C. § 688 (Jones Act), recently re-codified at

20  46 USC, 30106,  28 U.S.C. § 1333 (federal question), and 28 U.S.C. § 1367 (supplemental

21  jurisdiction).   The unlawful acts and practices alleged herein occurred in the County of Contra

22  Costa, California, which is within this judicial district. This Court also has jurisdiction over pendant

23  state law claims for third party liability as well as over direct action against third parties for

24  negligence under general maritime law; Unsmer v. Luckenbach Overseas Corporation. .

25                            **PARTIES**

26  2.      Plaintiff JAMES T. WALKER ("Walker" or "Plaintiff")  is a competent adult, a resident of

27  the County of Ξ :ano, California, and is, and was, a longshoreman employed by Pacific Maritime

28                                 1

1 Association.

2 3. Defendant C and H Sugar ("C & H") is a corporation engaged in the refinement and sales of

3 sugar. C & H also unloads raw sugar from ships at their California location in Crocket , Ca.

4 4. At all times mentioned herein, Defendant, Marine Terminals Corporation ("MTC")

5 maintained a crew (employees) who was in the business of unloading raw sugar for C & H at C &

6 H's location in Crocket, CA.

7 5. Plaintiff are ignorant of the true named and capacities of Defendants DOES 1 through 50,

8 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff are informed and

9 believe and thereon allege that each Defendant so named is responsible in some manner for the

10 injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend their complaint

11 to state the names and capacities of defendants named as DOE, when their true identities have been

12 ascertained.

13 6. In engaging in the conduct described herein, Defendants, and each of them, engaged in acts

14 covered by the laws of admiralty and maritime law.

15 7. Plaintiff will amend his Complaint to include State causes of action related to their Federal

16 claims within the relevant statutory tort claims filing time constraints.

17 **STATEMENT OF FACTS**

18 8 On or about May 1, 2002, Plaintiff, while operating in the corse and scope of his employment

19 with Pacific Maritime Association, was employed at the C & H plant in Crocket, CA. On that date,

20 Defendant C & H Sugar was engaged in unloading a ship containing raw sugar which sugar was to

21 be refined at its location in Crocket, CA. Also, on that date, Defendant Marine Terminals

22 Corporation operated C & H equipment in the unloading of raw sugar.

23

24 9. On or about May 1, 2002, while Plaintiff was acting as an assigned shoveler, scraping raw

25 sugar off the hull of the ship. While Plaintiff worked, an employee of Marine Terminal Corporation

26 operated a backhoe machine owned by C & H Sugar on C & H Sugar's plant property. On May 1,

27 2002 the operator of the backhoe lost control of the backhoe negligently causing Plaintiff to be

28 2

struck in the head with a heavy piece of metal. The operator of the backhoe immediately following the incident, stated to Plaintiff, "the backhoe malfunctioned."

10.   At all relevant times herein mentioned, Defendant C & H Sugar had a duty to maintain its equipment in a workman like manner in order to avoid causing personal injury to persons within the zone of danger created by the work site.

11.   At all relevant times herein mentioned, Defendant MTC had a duty to properly train and supervise its employees in order to avoid injury to third parties performing work at the C & H Sugar location.

12.   At all relevant times herein mentioned, the operator of the backhoe had a duty to operate the backhoe in such a way as to avoid causing personal injury to third parties working at the C & H Sugar site.

13.   Due to Plaintiff's brain injury, Plaintiff suffered the loss of legal competency which loss of competency tolled the applicable statute of limitations.

14.   Plaintiff found it necessary to engage the services of private counsel to vindicate his rights. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to the laws of admiralty and maritime.

## FIRST CAUSE OF ACTION

### (Negligence - Marine Terminal Corporation)

15.   Plaintiff hereby re-allege and incorporate by reference herein paragraphs 1 through 14 of this Complaint.

16.   Defendant, ("MTC") maintained a crew (employees) who was in the business of unloading raw sugar for C & H at C & H's location in Crocket, CA. While unloading sugar on the Crocket site, MTC and its crew members, owed a duty of due care to avoid injury to those persons within its area of operation. MTC and its crew member breached its duty of due care by failing to properly control

3

1  a backhoe, which breach of duty actually and proximately caused injury and damages to Plaintiff by

2  causing Plaintiff to be struck in the head and to suffer medical special damages, brain damage, loss

3  of employment, loss of employability, modification of living standard and other such damages

4  including maintenance and cure.  Plaintiff also seeks prejudgment interest.

5       WHEREFORE, Plaintiff(s) pray for relief as hereinafter set forth.

6

7  ## SECOND CAUSE OF ACTION

8  ### (Negligence - C & H Sugar)

9  17.    Plaintiff(s) hereby re-allege and incorporate by reference herein paragraphs 1 through 15 of

10  this Complaint.

11  18.    At all relevant times herein mentioned, Defendant C & H Sugar had a duty to maintain its

12  equipment in a workman like manner in order to avoid causing personal injury to persons within the

13  zone of danger created by the work site. Defendant breached its duty of due care by failing to

14  maintain its equipment in proper working order.  The breach of duty, as above, actually and

15  proximately caused injury and damages to Plaintiff.

16  19.    Defendant's breach of duty actually and proximately caused injury and damages to Plaintiff

17  by causing Plaintiff to be struck in the head and to suffer medical special damages, brain damage,

18  loss of employment, loss of employability, modification of living standard and other such damages

19  including maintenance and cure as well as prejudgment interest.

20

21       WHEREFORE, Plaintiff(s) pray for relief as hereinafter set forth.

22  ## THIRD CAUSE OF ACTION

23  ### (Negligence - C & H Sugar)

24  20.    Plaintiff hereby re-allege and incorporate by reference herein paragraphs 1 through 18 of this

25  Complaint.

26

27  21.    Defendant, C & H Sugar, at all relevant times herein mentioned owed Plaintiff a worker on

28                         4

1  Defendant's premises, a duty of due care to supervise the work site in such a way as to avoid causing

2  injury and damages to persons engaged in work on said site. Defendant breached its duty of due care

3  by failing to supervise operations which supervision would have avoided injury to Plaintiff.

4  Defendant's breach of duty, as above, actually and proximately caused injury and damages to

5  Plaintiff.

6  WHEREFORE, Plaintiff(s) pray for relief as hereinafter set forth.

7  **FOURTH CAUSE OF ACTION**

8

9  **(Negligence Causal of Emotional Distress - all Defendants)**

10  21.    Plaintiff(s) hereby re-allege and incorporate by reference herein paragraph 1 through 21 of

11  this Complaint.

12  22.    Defendants and each of them owed Plaintiff a duty of due care. Defendants, and each of

13  them, breached their respective and independent duties of due care. Their breaches actually and

14  proximately caused Plaintiff to suffer emotional distress.

15  WHEREFORE, Plaintiff(s) pray for relief as hereinafter set forth.

16  Plaintiff(s) hereby demand a jury trial in this action.

17  **PRAYER**

18

19  WHEREFORE, Plaintiff(s) pray for relief, as follows:

20  1.    For general damages in a sum of $10,000,000.00;

21  2.    For Special Damages in a sum according to proof;

22

23  3.    For punitive damages in a sum according to proof;

24  4.    For reasonable attorney's fees;

25  5.    For cost of suit herein incurred;

26  7.    For such other and further relief as the Court deems just and proper.

27

28                                              5

1   Dated: _____

2                                   By_____

3                                        James T. Walker
                                         Plaintiff in pro per
4
    /////
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    6