Steven R. Blackburn, State Bar No. 154797
Matthew A. Goodin, State Bar No. 169674
Rachel S. Hulst, State Bar No. 197330
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:    415.398.3500
Facsimile:     415.398.0955
SBlackburn@ebglaw.com
MGoodin@ebglaw.com
RHulst@ebglaw.com

Attorneys for Defendants
C&H SUGAR COMPANY, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES T WALKER,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC MARITIME ASSOCIATIONS; MARINE TERMINALS CORP.; PACIFIC C&H SUGAR COMPANY, INC.; INTERNATIONAL LONGSHORE UNION LOCAL 10,<br><br>        Defendants. | **CASE NO. C 07-03100 BZ**<br><br>**E-Filing**<br><br>**DEFENDANT C&H'S SEPARATELY FILED CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** |

Pursuant to the Court's Order continuing the Case Management Conference to January 28, 2008, the Standing Order for All Judges of the Northern District of California, this Court's Local Rules, and the Federal Rules of Civil Procedures, Defendant C&H Sugar Company, Inc. ("C&H" or "Defendant") hereby separately submits this case management statement and proposed order. C&H's counsel has attempted to meet and confer with Plaintiff James Walker, pro per, by contacting him via telephone but those efforts were unsuccessful in resolving any of the issues that must be addressed in this statement. C&H's counsel has advised Mr. Walker that the Company intended to file a separate statement.

**DESCRIPTION OF THE CASE**

**1.     Procedural Background of the Case To Date**

On June 13, 2007, Plaintiff filed a *pro se* form complaint against defendants C&H Sugar Company, Inc. ("C&H"), Pacific Maritime Association, Marine Terminals Corporation, and the International Longshore Union Local 10.  While not entirely clear, it appeared that Plaintiff was attempting to bring Title VII employment discrimination causes of action against defendants in that complaint.  Defendants C&H, Marine Terminals and Pacific Maritime Association moved to dismiss all of those claims in separate 12(b)(6) motions.  After a lengthy hearing during which this Court permitted Plaintiff to set forth each and every one of his arguments on his behalf, on September 24, 2007, this Court issued an order dismissing all of Plaintiff's claims against Marine Terminals, Pacific Maritime Association and C&H.  Plaintiff then brought a Motion for Reconsideration, requesting relief from the court's order dismissing his claims.  On October 31, the Court denied Plaintiff's Motion for Reconsideration because he failed to meet his burden to support that motion.  But, the Court decided to give Plaintiff another chance by characterizing his Motion for Reconsideration as a Motion Seeking Leave to file an Amended Complaint.  After C&H filed an opposition to that motion, the court granted Plaintiff's motion as to defendant C&H and directed the court clerk to file Plaintiff's First Amended Complaint.  The only remaining claims left are negligence causes of action against defendant C&H.

**2.     Jurisdiction and Service**

C&H has received a copy of Plaintiff's First Amended Complaint attached to his Motion for Reconsideration.  Pursuant to Judge Zimmerman's December 28, 2007 order, the court clerk was directed to file Plaintiff's amended complaint.  C&H was ordered to file a response to Plaintiff's complaint by January 22, 2008.

**3.     Facts**

**(a)     Defendant's description of the events of this action:**

Plaintiff alleges that on or about May 1, 2002, as an employee of Pacific Maritime Association, he was unloading a ship containing raw sugar at the C&H Sugar plant. He was not

- 2 -

an employee of C&H. He claims that as a result of the malfunction of C&H equipment, he was struck in the head and now suffers from a brain injury.

C&H denies Plaintiff's allegations of negligence and believes that Plaintiff's negligence claims are time barred and do not warrant equitable tolling. Moreover, this court does not have jurisdiction to hear his third party negligence claims.

  **(b) The principal factual issues which the parties dispute:**

    (1) Whether C&H's equipment was negligently maintained or operated;

    (2) Whether C&H's alleged equipment malfunction caused Plaintiff brain injury.

**4. The principal legal issues which the parties dispute:**

  **(a)** Whether the statute of limitations has run on Plaintiff's negligence cause of action against C&H;

  **(b)** Whether circumstances warrant equitable tolling of the statute of limitations that has already run on Plaintiff's negligence cause of action;

  **(c)** Whether this Court has subject matter jurisdiction to hear Plaintiff's negligence cause of action;

  **(d)** Whether C&H was negligent in the operation and maintenance of its equipment;

  **(e)** Whether C&H's alleged negligence was the proximate cause of Plaintiff's injuries.

**5. Motions**

There are no pending motions in this case. However, C&H anticipates filing a motion to dismiss on the grounds that the Court lacks subject matter jurisdiction; and/or a motion for summary judgment on the issue that Plaintiff's claims are time barred and they do not warrant equitable tolling.

**6. Amendments of Pleadings**

Pursuant to Judge Zimmerman's December 28 order granting Plaintiff's motion for leave to file a First Amended Complaint against C&H, the court clerk was directed to file Plaintiff's First Amended Complaint.

**7.     Evidence Preservation**

C&H has complied with all applicable evidence preservation requirements.

**8.     Disclosures**

Due to the procedural aspects of this case set forth in section one (1) above, the parties have yet to exchange any initial disclosures. C&H requests that the court stay this requirement until the parties have resolved the statute of limitations/equitable tolling issue.

**9.     Discovery**

**Defendant Proposes:**

**(a)     Factual Discovery**

If the case remains in this court, C&H proposes that each party shall take, as necessary, up to 10 depositions, provided that, if more depositions are necessary, the party seeking any additional depositions would obtain leave of court, pursuant to FRCivP 30(a)(2) and consistent with the principles stated in FRCivP 26(b)(2). No party may serve more than 25 interrogatories on any other party, pursuant to the Federal Rules of Civil Procedure.

**(b)     Expert Discovery**

If the case remains in this court, C&H proposes 80 days before trial as the deadline for designating any expert witnesses and 60 days before trial for designating any rebuttal expert witnesses. C&H proposes 30 days before trial as the deadline for completing expert discovery.

**10.    Class Actions**

Not applicable.

**11.    Related Cases**

Not applicable.

**12.    Relief**

C&H believes Plaintiff is not entitled to any relief.

**13.    Settlement and ADR**

C&H has not had any discussions with Plaintiff regarding settlement and/or ADR.

**14.    Other References**

Not applicable.

**15.    Narrowing of the Issues**

C&H believes Plaintiff's claims are time barred and should not be equitably tolled. Even if tolled, C&H believes this court does not have subject matter jurisdiction over this third party negligence case. These issues should be resolved before proceeding with substantive issues in the case.

**16.    Expedited Schedule**

Not applicable.

**17.    Scheduling**

If the case remains in this court, C&H proposes the following schedule:

Dispositive motions: hearing 90 days before trial

Discovery cutoff: 60 days before trial

Expert designation: 80 days before trial

Rebuttal expert designation: 60 days before trial

Expert discovery cutoff: 30 days before trial

Pretrial conference: 30 days before trial

Trial: April 2009.

**18.    Trial**

If the case remains in this court, C&H anticipates the trial to last 3-5 days.

**19.    Disclosure of Non-party Interested Entities or Persons**

C&H does not have knowledge of any non-party interested entities or persons related to this case.

/
/
/
/
/
/
/

**20.    Other Matters**

None.

DATED: January 18, 2008					EPSTEIN BECKER & GREEN, P.C.


							By:  /s/ Rachel S. Hulst
								Steven R. Blackburn, Esq.
								Matthew A. Goodin, Esq.
								Rachel S. Hulst, Esq.
								Attorneys for Defendant
								C&H SUGAR COMPANY, INC.


## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:


DATED:_____		_____
							BERNARD ZIMMERMAN
							UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3. I served copies of the following documents (specify the exact title of each document served):

   **Defendant C&H's Separately Filed Case Management Statement and [Proposed] Order**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

   James T. Walker
   P.O. Box 9301            Plaintiff
   Vallejo, CA 94591

5. ☒ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ☒ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

6. I served the documents by the means described in item 5 on *(date)*: January 18, 2008

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 1/18/08 | Virginia Li | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |