Steven R. Blackburn, State Bar No. 154797
Matthew A. Goodin, State Bar No. 169674
Rachel S. Hulst, State Bar No. 197330
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:   415.398.3500
Facsimile:   415.398.0955
SBlackburn@ebglaw.com
MGoodin@ebglaw.com
RHulst@ebglaw.com

Attorneys for Defendant
C&H SUGAR COMPANY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES TROY WALKER<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATIONS; MARINE TERMINALS CORP.; PACIFIC C&H SUGAR COMPANY, INC.; INTERNATIONAL LONGSHORE UNION LOCAL 10,<br><br>Defendants. | CASE NO. C 07-03100 BZ<br><br>**DEFENDANT C&H SUGAR INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant C&H Sugar Company, Inc. ("C&H") hereby responds to Plaintiff's Complaint for Damages as follows:

### JURISDICTION

1. The allegations contained in the first and last sentence of paragraph 1 of the complaint state a legal conclusion. C&H admits that the unlawful acts and practices alleged in the Complaint occurred in the County of Contra Costa, California, which is within this Court's judicial district.



## PARTIES

2. C&H lacks sufficient knowledge and information to form a belief as to the truth or falsity of a portion of the allegations contained in paragraph 2 of the Complaint and, specifically, that Plaintiff is a competent adult, a resident of the County of Solano, California and is a longshoreman employed by Pacific Maritime Association and therefore, denies such allegations. C&H admits that Plaintiff was a longshoreman employed by Pacific Maritime Association at one time.

3. C&H admits that it is a Delaware corporation engaged in the refinement and sales of sugar and that it unloads raw sugar from ships at its California location in Crocket, California.

4. C&H admits the allegations contained in paragraph 4 of the Complaint.

5. C&H lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and, therefore, denies such allegations.

6. The allegations contained in paragraph 6 of the complaint state a legal conclusion.

7. C&H lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and, therefore, denies such allegations.

## STATEMENT OF FACTS

8. C&H lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations that on or about May 1, 2002, Plaintiff, while operating in the course and scope of his employment with Pacific Maritime Association, was working at the C&H plant in Crocket, CA and, therefore, denies such allegations. C&H admits that on that date, C&H was engaged in unloading a ship containing raw sugar which sugar was to be refined at its location in Crocket, California. C&H further admits that on or about May 1, 2002, Marine Terminals Corporation operated C&H equipment in the unloading of raw sugar.

9. C&H lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint and, therefore, denies such allegations.

10. The allegations contained in paragraph 10 of the complaint state a legal conclusion.

11. The allegations contained in paragraph 11 of the complaint state a legal conclusion.

12. The allegations contained in paragraph 12 of the complaint state a legal conclusion.

13. C&H denies the allegations that due to Plaintiff's brain injury, Plaintiff suffered the loss of legal competency. The remaining allegations in paragraph 13 of the complaint state a legal conclusion.

14. C&H lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations that Plaintiff found it necessary to engage the services of private counsel to vindicate his rights and therefore, denies such allegations. C&H denies that Plaintiff is entitled to recover all attorneys' fees incurred in relation to this action pursuant to the laws of admiralty and maritime.

### FIRST CAUSE OF ACTION

### (Negligence – Marine Terminal Corporation)

15. C&H incorporates by reference its responses to the allegations contained in paragraphs 1 through 14 above, as if set forth at length herein.

16. C&H admits that MTC maintained a crew (employees) who was in the business of unloading raw sugar for C&H's location in Crocket, CA. C&H lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegation that while unloading sugar on the Crocket site, MTC and its crew members, owed a duty of due care to avoid injury to those persons within its area of operation and, therefore, denies such allegations. C&H denies the remaining allegations in paragraph 16 of the Complaint.

### SECOND CAUSE OF ACTION

### (Negligence – C&H Sugar)

17. C&H incorporates by reference its responses to the allegations contained in paragraphs 1 through 16 above, as if set forth at length herein.

- 3 -

18. The allegations contained in the first sentence of paragraph 18 of the complaint state a legal conclusion. C&H denies that it breached any alleged duty of care by failing to maintain its equipment in a property working order. C&H further denies that the alleged breach of duty, actually and proximately caused injury and damages to Plaintiff.

19. C&H denies that C&H's alleged breach of duty actually and proximately caused injury and damages to Plaintiff by causing Plaintiff to be struck in the head and to suffer medical special damages, brain damage, loss of employment, loss of employability, modification of living standard and other such damages including maintenance and cure as well as prejudgment interest.

### THIRD CAUSE OF ACTION

(Negligence – C&H Sugar)

20. C&H incorporates by reference its responses to the allegations contained in paragraphs 1 through 19 above, as if set forth at length herein.

21. The allegations contained in first sentence of paragraph 21 of the complaint state a legal conclusion. C&H denies that it breached any alleged duty of care by failing to supervise operations which supervision would have avoided injury to Plaintiff. C&H further denies that C&H's alleged breach of duty, as above, actually and proximately caused injury and damages to Plaintiff.

### FOURTH CAUSE OF ACTION

(Negligence Causal of Emotional Distress – C&H Sugar)

22. (improperly labeled "21") C&H incorporates by reference its responses to the allegations contained in paragraphs 1 through 21 above, as if set forth at length herein.

23. (improperly labeled "22") The allegations contained in the first sentence of paragraph 23 of the complaint state a legal conclusion. C&H denies that it breached any alleged duty of care and that C&H's alleged breach of duty, as above, actually and proximately caused injury and damages to Plaintiff.

## AFFIRMATIVE DEFENSES

C&H asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. C&H reserves the right to amend its Answer and assert additional Affirmative Defenses based upon information obtained during pretrial discovery in this action.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State A Cause of Action)**

1. The Complaint, and each and every cause of action or claim alleged therein, fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Lack of Jurisdiction)**

2. Plaintiff's claims are barred because they lack the subject matter jurisdiction for this court to hear them.

### THIRD AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

3. C&H affirmatively pleads that some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

4. The Complaint, and each and every purported cause of action or claim alleged therein against C&H, is barred as the Complaint fails to state facts sufficient to constitute any cause of action in that Plaintiff assumed the risk of the occurrences and damages alleged therein.

### FIFTH AFFIRMATIVE DEFENSE

**(Proximate Cause)**

5. Plaintiff, by his own acts and conduct, failed to exercise reasonable care and diligence on his own behalf, thereby proximately causing and/or contributing to his alleged damages.

- 5 -

### SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

6. Plaintiff, by his own acts and conduct, contributed to the damages complained of and the liability of C&H, if any, of the purported damages suffered by Plaintiff must be reduced by an amount proportionate to Plaintiff's comparative fault.

### SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Negligence)

7. Plaintiff's claims are barred as Plaintiff's alleged damages were caused by his own negligent acts.

### EIGHTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

8. As claims against C&H are barred in whole or in part by the doctrines of waiver and/or estoppel.

### NINTH AFFIRMATIVE DEFENSE

### (No Duties Owed)

9. Plaintiff's claims are barred because C&H did not owe Plaintiff the duties claimed to have been breached.

///

1 | WHEREFORE C&H prays that:

2 |     Plaintiff takes nothing by way of his Complaint, and that the Complaint be dismissed in its entirety, with prejudice;

    That judgment be entered in favor of C&H and against Plaintiff;

    That C&H be awarded its costs of suit and reasonable attorneys' fees incurred; and,

    That the court award such other and further relief as it deems just and proper.

DATED: January 22, 2008      EPSTEIN BECKER & GREEN, P.C.

By: /s/ Rachel S. Hulst
    Steven R. Blackburn
    Matthew A. Goodin
    Rachel S. Hulst
Attorneys for Defendant
C&H SUGAR COMPANY, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1. At the time of service I was at least 18 years of age and **not a party to this legal action**.

2. My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3. I served copies of the following documents (specify the exact title of each document served):

   **DEFENDANT C&H SUGAR INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

   James Troy Walker     *Plaintiff pro se*
   P.O. Box 9301
   Vallejo, CA 94591

   Tel:   707.315.3310

5. b. ☒ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ☒ placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

6. I served the documents by the means described in item 5 on *(date):* January 22, 2008

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 1/22/08 | Virginia Li | |
|---------|-------------|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 8 -