Steven R. Blackburn, State Bar No. 154797
Matthew A. Goodin, State Bar No. 169674
Rachel S. Hulst, State Bar No. 197330
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:    415.398.3500
Facsimile:    415.398.0955
SBlackburn@ebglaw.com
MGoodin@ebglaw.com
RHulst@ebglaw.com

Attorneys for Defendants
C&H SUGAR COMPANY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES TROY WALKER<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATIONS;<br>MARINE TERMINALS CORP.; PACIFIC<br>C&H SUGAR COMPANY, INC.;<br>INTERNATIONAL LONGSHORE UNION<br>LOCAL 10,<br><br>Defendants. | CASE NO.  C 07-03100 BZ<br><br>**DEFENDANT C& H'S NOTICE OF<br>MOTION AND MOTION TO DISMISS;<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT THEREOF<br>[Fed. R. Civ. Proc. 12(b)(1)]**<br><br>Date:   April 16, 2008<br>Time:  10:00 A.M.<br>Ctrm:  G<br><br>Magistrate Judge Bernard Zimmerman. |

## NOTICE OF MOTION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Please take notice that on April 16, 2008 at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom G located at 501 "I" Street, Sacramento, California, 95814, Defendant C&H Sugar Co., Inc. will move pursuant to Federal Rule of Civil Procedure 12(b)(1) for an order dismissing the entire action for want of federal subject-matter jurisdiciton.  This motion is based on this notice of motion and memorandum of points and authorities, the request for judicial notice filed and served herewith, upon the papers, records and pleadings on file herein, and upon any oral argument at the hearing on the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In this case, Plaintiff's First Amended Complaint alleges that Plaintiff was injured while scraping sugar from the hull of a ship docked at C & H's plant in Crockett, California, when an employee of Marine Terminals operating a backhoe, apparently on the ship, allegedly "lost control" of the backhoe and struck Plaintiff in the head.   Even though Plaintiff is not a seaman, and his injury has a negligible at best connection to navigable waters, Plaintiff asserts that this case falls under the Court's general maritime and admiralty jurisdiction.

However, the facts alleged do not bring this case within the Court's admiralty jurisdiction.  There is little to no "nexus" to traditional maritime activity, much less the "significant relationship" required for the Court to properly exercise jurisdiction over this case. As a result, Defendant C&H respectfully requests that this court dismiss Plaintiff's claims for want of federal jurisdiction.

### II.   LEGAL ANALYSIS

The function of federal admiralty jurisdiction is to provide a uniform body of law governing the movement of ships at sea. *Harville v. Johns-Manville Products Corp.*, 731 F.2d 775 (11th Cir. 1984).  Federal admiralty jurisdiction is strictly limited to claims traditionally raised in admiralty. *Atlanta Shipping Corp., Inc. v. Chemical Bank*, 813 F.2d 240, 248 (2nd Cir. 1987).  Even where the facts underlying a claim might vest a federal court with admiralty jurisdiction, the court may in its discretion may refrain from exercising jurisdiction when no federal statutory tort claims are plead. *Atlanta Shipping Corp. v. Chemical Bank*, 631 F.Supp. 335, 341, *aff'd*, 818 F.2d 240, *citing*, *Swift & Company v. Compania Colombiana*, 339 U.S. 684 at 695. Here, since there are no such federal statutory claims asserted – Plaintiff alleges a garden-variety tort – this fact provides an independent ground for the Court to refuse admiralty jurisdiction in this case.

A tort claim falls within a federal court admiralty jurisdiction only if the actions complained of have:  (1) a maritime "situs" *i.e.*, a tort that occurs on or over navigable waters; and (2) a maritime "nexus" *i.e.*, a significant relationship to traditional maritime activity. *Solano*

-- 2 --

1  *v. Beilby*, 761 F.2d 1369, 1370 (9th Cir. 1985); *Executive Jet Aviation, Inc. v. City of Cleveland*,

2  409 U.S. 249, 268 (1972).  In determining whether a significant relationship to traditional

3  maritime activity exists, courts are directed to consider the following factors:  (1) traditional

4  concepts of admiralty law; (2) the function and role of the parties; (3) the types of vehicles and

5  instrumentalities involved; and (4) the causation and nature of the injury suffered.  *Guidry v.*

6  *Durkin*, 834 F.2d 1465, 1471 (9th Cir. 1987).   The U.S. Supreme Court has held that an

7  additional component of the so-called "nexus" test is that the incident must have a potentially

8  disruptive impact on maritime commerce, the so-called "locality-plus" test. *See, e.g. Sisson v.*

9  *Ruby,* 497 U.S. 358, 367 (1990)

10         In this case, Plaintiff's First Amended Complaint alleges that Plaintiff was injured while

11  scraping sugar from the hull of a ship docked at C & H's plant in Crockett, California, when an

12  employee of Marine Terminals operating a backhoe, apparently on the ship, allegedly "lost

13  control" of the backhoe and struck Plaintiff in the head.

14         Although it is not entirely clear, and Defendant C&H certainly does not concede, it

15  appears that Plaintiff can satisfy the maritime "situs" requirement for admiralty jurisdiction given

16  that the alleged incident appears to have taken place "on or over navigable waters."   It is

17  equally clear, however, that Plaintiff cannot satisfy the four elements necessary to establish the

18  required maritime "nexus" and he cannot establish that the incident had a potentially disruptive

19  impact on maritime commerce.

20         First, this case does not involve actions or policy interests that are within the traditional

21  role of admiralty law. If the function of admiralty law is to provide a uniform body of law

22  governing the movement of ships at sea, this case does not involve interests which implicate the

23  movement of ships at sea because the ship was not moving on the sea when the incident

24  occurred, nor could it in anyway significantly impact its movement at sea.  The ship was not

25  damaged in any way, and presumably, all of the sugar eventually was scraped from the hull

26  leaving the ship free to return to navigable waters.

27         Second, the function and role of the parties in this case is not at all maritime in nature.

28  Mr. Walker is not a seaman.  The work he was performing at the time of his injury, *i.e.*,

1    shoveling, is inherently land-based in nature.  Defendant C & H certainly is not a maritime

2    entity.  Likewise, the employee of Marine Terminal Corporation who allegedly injured Mr.

3    Walker was not also not a seaman and was not employed by a ship.

4         Third, and likewise, the instrumentalities and the vehicles involved in this alleged

5    incident are inherently land-based in nature.  Mr. Walker was injured by a backhoe, an almost

6    cliché example of a non-maritime instrumentality.  That Mr. Walker was apparently on or near a

7    ship at the time at the incident is essentially irrelevant to his claim.  The incident could just as

8    easily have occurred on the land. Indeed, on the facts presented here, *i.e.*, a shoveler injured by a

9    backhoe, Mr. Walker's alleged injury might just as well have occurred in the exact same manner

10   if the case had arisen at a construction site located a 1,000 miles inshore.  On this point, the case

11   of *Oman v. Johns-Manville Corp.*, 764 F.2d 224 (4th Cir. 1985) is particularly instructive.

12   There, the court declined to exercise admiralty jurisdiction over claims by shipyard workers

13   alleging exposure to asbestos during ship repair operations because the claimants were not

14   typical maritime workers.

15       The plaintiffs here were engaged in trades such as pipefitting, welding, and
         insulating, linked more with the land than with the sea.  Their skills and training
16       are those of landsmen, not of sailors.  The plaintiffs' "role and function," although
         related to maritime commerce, do not call for the application of admiralty
17       jurisdiction.

18

19   *See also Boeings Illinois, Inc. v. The United States District Court*, 698 F.2d 967 (9th Cir. 1983)

20   (accord).  Plaintiff, a "shoveler," was also using the skills and training of a landsmen, not a

21   sailor.

22       Fourth, the nature of the injuries suffered by Mr. Walker and its alleged causation are not

23   maritime in nature.  The allegations of the Complaint do not remotely suggest that Mr. Walker's

24   injuries were in any way caused by his proximity to a ship.  His injury was one that would be

25   more likely to occur on land than over navigable water.

26       And finally, Plaintiff cannot establish that the incident had a potentially disruptive impact

27   on maritime commerce.  No facts are alleged that would indicate any impact whatsoever on

28   maritime commerce.

- 4 -

1

## III.    CONCLUSION

2         For the foregoing reasons, Defendant C&H respectfully requests that this Court grant its

3    motion to dismiss for lack of federal subject-matter jurisdiction.

4

5    DATED:  February 29, 2008                EPSTEIN BECKER & GREEN, P.C.

6

7                                            By:    /s/ Matthew A. Goodin
                                                    _____
8                                                   Steven R. Blackburn
                                                    Matthew A. Goodin
9                                                   Rachel S. Hulst
                                             Attorneys for Defendant
10                                           C&H Sugar Company

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.   At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.   My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3.   I served copies of the following documents (specify the exact title of each document served):

   ➢ **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [Fed. R. Civ. Proc. 12(b)(6)]**

4.   I served the documents listed above in item 3 on the following persons at the addresses listed:

James Troy Walker          *Plaintiff*
P.O. Box 9301
Vallejo, CA 94591          *Pro Se*

5.   b. ☑ **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

   (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) ☑  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at San Francisco, California.

6.   I served the documents by the means described in item 5 on *(date):* **February 29, 2008**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 2/29/08 | Bridgette M. Phillips | |
|---------|----------------------|--|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 6 -