1   Steven R. Blackburn, State Bar No. 154797
    Matthew A. Goodin, State Bar No. 169674
2   Rachel S. Hulst, State Bar No. 197330
    EPSTEIN BECKER & GREEN, P.C.
3   One California Street, 26th Floor
    San Francisco, California 94111-5427
4   Telephone:    415.398.3500
    Facsimile:    415.398.0955
5   SBlackburn@ebglaw.com
    MGoodin@ebglaw.com
6   RHulst@ebglaw.com

7   Attorneys for Defendant
    C&H SUGAR COMPANY, INC.
8

                    **UNITED STATES DISTRICT COURT**
9
        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
10

11

12  JAMES TROY WALKER                    CASE NO.  C 07-03100 BZ

13               Plaintiff,              **DEFENDANT C&H'S REPLY BRIEF IN
                                         SUPPORT OF IT'S MOTION TO
14      v.                               DISMISS FOR LACK OF SUBJECT
                                         MATTER JURISDICTION**
15  PACIFIC MARITIME ASSOCIATIONS;
    MARINE TERMINALS CORP.; PACIFIC      Hearing Date:  April 16, 2008
16  C&H SUGAR COMPANY, INC.;             Time:          10:00 a.m.
    INTERNATIONAL LONGSHORE UNION        Courtroom:     G
17  LOCAL 10,

                 Defendants.             .
18

19          Defendant believes that little needs to be said in reply to Plaintiff's Opposition to

20  Defendant's Motion to Dismiss.

21          The parties are in agreement on what the primary legal principles in this case are.  First,

22  the authorities cited in both Defendant's and Plaintiff's papers make clear that non-statutory

23  admiralty jurisdiction should be exercised by a federal court only when the claim at issue might

24  have a disruptive impact on maritime commerce if decided by a state court.  Second, there

25  appears to be agreement that the most important part of the two-pronged test for determining

26  admiralty jurisdiction on the facts presented here is whether there is a "nexus" between this case

27  and traditional maritime activity.  The parties disagree, however, on how these principles apply

28  in this case.

Contrary to Plaintiff's unsupported assertions, there is nothing about this case which presents the risk of interference with maritime commerce so that the exercise of limited federal jurisdiction is warranted. Defendant C&H is a land-based manufacturer with absolutely no involvement in ocean going commerce, except as a customer of ocean going carriers. Plaintiff, Mr. Walker, was a laborer performing duties that were classically those of a "landsman, not a sailor." *See Owens Illinois v. District Court,* 698 F.2nd 967 (9th Circuit 1983). It is hard to imagine how any ruling by a state court (where this claim should be litigated, if at all) might impose any sort of burden or impairment on ocean going commerce. This is a garden variety workplace tort claim. The fact that it may have occurred near navigable waters does not present this court with a situation that demands exercise of its limited jurisdiction to prevent interference with the free flow of ocean going commerce.

Plaintiff is also incorrect in his assertion that there is a maritime "nexus" to his case. Indeed, it is telling that most of the cases cited and described by Plaintiff in his papers actually support a ruling by this court that there is no such nexus. Plaintiff is incorrect in claiming that there is a maritime connection to his case because of a "concern for providing remedies to those confronting the dangers of maritime employment." (Plaintiff's Brief, page 4). In fact, Mr. Walker and all workers like him already have a remedy under the Longshore and Harbor Workers Compensation Act, which as this court knows Plaintiff has already pursued before filing this action. Finally, Plaintiff is incorrect in his circular assertion that a maritime nexus is shown merely because the dispute occurred in what is arguably a maritime "situs." *Id.* at pg 5. As made clear by the US Supreme Court in *Executive Jet Aviation Inc. v. City of Cleveland*, 409 US 249 (1972), the fact that a dispute arose in a maritime locality is not sufficient standing alone to trigger federal admiralty jurisdiction.

One final point. Plaintiff asserts that he is proceeding pro-se and , accordingly, this court has rightfully provided him every indulgence that non-attorney litigants can expect in federal court. His opposition papers make clear, however, that Mr. Walker's claim is either being litigated behind the scenes by an attorney who has not appeared in the case or by a non-lawyer who is engaging in the unauthorized practice of law. Defendant contends that the court should

- 2 -

1  require Mr. Walker's "attorney" to reveal him or herself and litigate the case by normal rules and

2  procedures.

3  DATED: March 21, 2008                    EPSTEIN BECKER & GREEN, P.C.

4

5                                           By:  /s/ Steven R. Blackburn
                                                 Steven R. Blackburn
6                                                Matthew A. Goodin
                                                 Rachel S. Hulst
7                                                Attorneys for Defendant
                                                 C&H Sugar Company, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

1.  At the time of service I was at least 18 years of age and **not a party to this legal action**.

2.  My business address is One California Street, 26th Floor, San Francisco, California 94111-5427.

3.  I served copies of the following documents (specify the exact title of each document served):

    **DEFENDANT C&H'S REPLY BRIEF IN SUPPORT OF IT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

    James Troy Walker            *Plaintiff*
    P.O. Box 9301
    Vallejo, CA 94591            *Pro Se*

    Tel    707.315.3310

5.  ☒  **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    (2) ☒  placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

6.  I served the documents by the means described in item 5 on *(date):* March 21, 2008

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 03/21/08 | Virginia Li | |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

- 4 -