UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROY WALKER,<br><br>    Plaintiff(s),<br><br>    v.<br><br>PACIFIC MARITIME ASSOC., et al.,<br><br>    Defendant(s). | No. C07-3100 BZ<br><br>**ORDER DENYING MOTION TO DISMISS** |

Defendant C&H Sugar Co., Inc. ("C&H Sugar") has moved to dismiss plaintiff James Walker's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Having reviewed the papers submitted, the court finds no need for argument. For the reasons set forth below, **IT IS HEREBY ORDERED** that C&H Sugar's motion is **DENIED** and the April 14, 2008 hearing is **VACATED**.

In his amended complaint, Mr. Walker brings negligence claims for relief based on injuries he sustained while working as a longshoreman. Mr. Walker alleges he was injured when he was struck in the head by a heavy piece of metal while scraping raw sugar off the hull of a ship. (Pl.'s Complaint ¶ 9.) The injury was allegedly caused by the malfunction or misuse of a backhoe operated by a Marine Terminals Corporation

1

1 employee.  (Id.)  He claims the injury occurred when C&H Sugar
2 was "engaged in unloading" the ship containing raw sugar.
3 (Id. at ¶ 8.)
4     There is original federal jurisdiction over "[a]ny case
5 of admiralty or maritime jurisdiction."  28 U.S.C. § 1333(1).
6 After the Supreme Court's ruling in Sisson v. Ruby, 497 U.S.
7 358 (1990), a tort action must "satisfy both a location test
8 and a connection test" to invoke maritime jurisdiction of the
9 federal courts.  Gruver v. Lesman Fisheries Inc., 489 F.3d
10 978, 982 (9th Cir. 2007), *citing* Jerome B. Grubart, Inc. v.
11 Great Lakes Dredge & Dock Co., 513 U.S. 527, 534, (1995).
12     "A court applying the location test must determine
13 whether the tort occurred on navigable water or whether injury
14 suffered on land was caused by a vessel on navigable water."
15 Jerome B. Grubart, 513 U.S. at 534.  The complaint alleges
16 that Mr. Walker was working on the ship at the time of the
17 incident.  For the purpose of Rule 12, the maritime location
18 requirement is satisfied.[1]  See Solano v. Beilby, 761 F.2d
19 1369, 1371 (9th Cir. 1985)(injury of longshoreman on ramp of
20 ship met "maritime locality" requirement.)
21     The two part maritime connection test requires an
22 assessment of whether: (1) "the general features of the type
23 of incident involved . . . has a potentially disruptive impact
24 on maritime commerce"; and (2) "the general character of the
25 activity giving rise to the incident shows a substantial

---

[1] "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

1  relationship to traditional maritime activity." Jerome B.
2  Grubart, Inc., 513 U.S. at 534 (*internal quotations omitted*).
3  "The loading of cargo onto a vessel by two longshoremen falls
4  squarely within the ambit of traditional maritime services or
5  activities in furtherance of commerce." Solano, 761 F.2d at
6  1371.  Here, Mr. Walker alleges he was unloading cargo from a
7  ship so the first prong of the location test is met.
8  Similarly, the unloading of cargo is substantially related to
9  a traditional maritime activity.  See id. at 1371 - 72; see
10 also Christensen v. Georgia-Pacific Corp., 279 F.3d 807, 815
11 (9th Cir. 2002)(injury occurring while tying a ship's mooring
12 lines to the dock was related to a traditional maritime
13 activity.)  Mr. Walker has pled facts sufficient to defeat C&H
14 Sugar's motion to dismiss for lack of subject matter
15 jurisdiction.
16      C&H Sugar's reliance on Oman v. Johns-Manville Corp., 764
17 F.2d 224 (4th Cir. 1985) and Owens-Illinois, Inc. v. U.S.
18 Dist. Court, 698 F.2d 967 (9th Cir. 1938) is misplaced.
19 Neither of these cases were decided on a Rule 12(b) motion to
20 dismiss.  Both involved the issue of whether land based ship
21 repair or construction workers could sue in admiralty for
22 employment-related asbestos-induced diseases because they were
23 working in shipyards or were performing repairs on board
24 vessels.
25      It is evident to the court that Mr. Walker's opposition
26 papers were prepared by someone with legal training, not by
27 Mr. Walker.  C&H Sugar raised this point in its reply.  At the
28 last status conference, Mr. Walker stated he was being

assisted by a "paralegal" and that an attorney has promised to represent him at some point in the future.

Regardless of whether he is receiving assistance from an attorney or a paralegal, Mr. Walker is warned that the court does not approve of this "ghost-writing" practice. Ghost-writing frustrates the application of Federal Rule of Civil Procedure 11 which requires all attorneys to verify through their signatures that there are sufficient grounds for the arguments in their pleadings. In re Mungo, 305 B.R. 762, 768 (Bkrtcy. D.S.C. 2003). Moreover, the practice prevents the court from examining the arguments set forth in Mr. Walker's papers during oral argument. This is also prejudicial to C&H Sugar.

Mr. Walker is admonished that if this practice continues, the court will require him to identify the individual or individuals ghost-writing his papers. If the ghost-writer is admitted to the Northern District of California, the Court will order the attorney to sign the papers thereby subjecting him or her to discipline under Rule 11. If the ghost-writer is not admitted to the Northern District, the court may issue sanctions or take other action pursuant to Civil Local Rule 11-8.[2]

Dated: April 14, 2008

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\Walker v. Pac. Maritime\DismissBZ.wpd

---

[2] If the ghost-writer is a paralegal or an unlicensed attorney, the person may also be subject to discipline for violating California Business and Professions Code sections 6125 *et seq.* and 6400 *et seq.*

4