UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROY WALKER,<br><br>            Plaintiff(s),<br><br>    v.<br><br>PACIFIC MARITIME ASSOC., et al.,<br><br>            Defendant(s). | No. C07-3100 BZ<br><br>**ORDER DENYING PLAINTIFF'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL** |

Plaintiff has requested appointment of counsel. In a civil action, a plaintiff has no right to appointment of counsel, but a court may appoint counsel at its discretion. U.S. v. $292,888.04, 54 F.3d 564, 569 (9th Cir. 1995). A court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. 1915(e)(1) (formerly 1915(d)); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). However, counsel may be appointed only in "exceptional circumstances." Id.; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). In determining whether to appoint counsel, a court considers various factors such as the plaintiff's financial need, whether plaintiff has made

1

1  diligent efforts to secure counsel, the likelihood of success
2  on the merits, and plaintiff's apparent ability to articulate
3  their claims in light of the complexity of the issues
4  involved.  See, e.g., 28 U.S.C. 1915(e)(1); Agyeman v. Corr.s
5  Corp. of Amer., 390 F.3d 1101, 1103 (9th Cir. 2004); Wilborn
6  v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  "A
7  finding of exceptional circumstances requires an evaluation of
8  both the likelihood of success on the merits and the ability
9  of the petitioner to articulate his claims pro se in light of
10 the complexity of the legal issues involved.  Neither of these
11 factors is dispositive and both must be viewed together before
12 reaching a decision on request of counsel."  Wilborn, 789 F.2d
13 at 1331.
14     In support of his request for appointment of counsel,
15 plaintiff has submitted a letter from an attorney rejecting
16 his case as well as a letter from his physician, Dr. Mizock.
17 According to Dr. Mizock, plaintiff is permanently disabled and
18 has been unable to work since May 2002 because he suffers from
19 "post-concussion symptoms, including severe chronic head-
20 aches, ataxia, memory problems, etc."
21     Plaintiff has sued defendant for injuries he allegedly
22 sustained while working as a longshoreman unloading a ship.
23 Defendant's motion to dismiss for failure to sue within the
24 Jones Act's three statute of limitations, was denied based on
25 plaintiff's contention that the statute of limitations was
26 tolled under the doctrine of equitable estoppel.  The doctrine
27 of equitable tolling may apply where extraordinary
28 circumstances outside the plaintiff's control make it

1  impossible for the plaintiff to timely assert his claim.
2  Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999).
3       Plaintiff has not yet met his burden of demonstrating
4  that he is likely to succeed on the merits, that he is unable
5  to present his own case, or that he qualifies financially.
6  For these reasons, **IT IS HEREBY ORDERED** that plaintiff's
7  request for the assistance of court-appointed counsel is
8  **DENIED** without prejudice to being renewed in the future.
9  Dated: July 15, 2008

                                  Bernard Zimmerman
                                  United States Magistrate Judge

G:\BZALL\-BZCASES\Walker v. Pac. Maritime\ODER DENYING MOT TO APPOINT COUNSEL.wpd