Steven R. Blackburn, State Bar No. 154797
Matthew A. Goodin, State Bar No. 169674
Andrew J. Sommer, State Bar No. 192844
EPSTEIN BECKER & GREEN, P.C.
One California Street, 26th Floor
San Francisco, California 94111-5427
Telephone:    415.398.3500
Facsimile:    415.398.0955
SBlackburn@ebglaw.com
MGoodin@ebglaw.com
ASommer@ebglaw.com

Attorneys for Defendant
C&H SUGAR COMPANY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMES T WALKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC MARITIME ASSOCIATIONS; MARINE TERMINALS CORP.; PACIFIC C&H SUGAR COMPANY, INC.; INTERNATIONAL LONGSHORE UNION LOCAL 10,<br><br>　　　　Defendants. | **CASE NO. C 07-03100 BZ**<br><br>**E-Filing**<br><br>**DEFENDANT C&H SUGAR COMPANY, INC.'S SEPARATELY FILED CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:　August 11, 2008<br>Time:　4:00 p.m.<br>Crtm.:　G<br>Magistrate Judge Bernard Zimmerman |

　　　Pursuant to the Court's Order continuing the Case Management Conference to August 11, 2008, Defendant C&H Sugar Company, Inc. ("C&H" or "Defendant") hereby submits this Case Management Statement and Proposed Order. Pursuant to Civil L.R. 16-9(a), Defendant has separately submitted this Case Management Statement since the Plaintiff is not represented by counsel.

///

///

///

## DESCRIPTION OF THE CASE

**1.    Procedural Background of the Case To Date**

On June 13, 2007, Plaintiff filed a *pro se* form complaint against defendants C&H Sugar Company, Inc., Pacific Maritime Association, Marine Terminals Corporation, and the International Longshore Union Local 10.  While not entirely clear, it appeared that Plaintiff was attempting to bring Title VII employment discrimination causes of action against defendants in that complaint.  Defendants C&H, Marine Terminals and Pacific Maritime Association moved to dismiss all of those claims in separate 12(b)(6) motions.  After a lengthy hearing during which Plaintiff set forth each and every one of his arguments on his behalf, on September 24, 2007, this Court issued an order dismissing all of Plaintiff's claims against Marine Terminals, Pacific Maritime Association and C&H.  Plaintiff then brought a Motion for Reconsideration, requesting relief from the court's order dismissing his claims.  On October 31, the Court denied Plaintiff's Motion for Reconsideration because he failed to meet his burden to support that motion.  But the Court decided to give Plaintiff another chance by characterizing his Motion for Reconsideration as a Motion Seeking Leave to File an Amended Complaint.

After C&H filed an opposition to that motion, the court granted Plaintiff's motion as to defendant C&H and directed the court clerk to file Plaintiff's First Amended Complaint.  On April 14, 2008, the Court denied Defendant C&H's Motion to Dismiss for lack of federal subject matter jurisdiction.  The only remaining claims left are negligence causes of action against defendant C&H.  C&H has answered the Complaint.

On May 28, 2008, the Court continued the Case Management Conference from June 9, 2008 to August 11, 2008, pursuant to the parties' stipulation, to allow Plaintiff additional time to search for and retain counsel.  On June 10, 2008, Plaintiff requested appointment of counsel.  On July 15, 2008, the Court denied Plaintiff's request based on its finding that Plaintiff had not yet met his burden of demonstrating that he is likely to succeed on the merits, that he is unable to present his own case, or that he qualifies financially.

**2.    Jurisdiction and Service**

C&H has answered Plaintiff's First Amended Complaint.

**3.    Facts**

   **(a)    Defendant's description of the events of this action:**

Plaintiff alleges that on or about May 1, 2002, as an employee of Pacific Maritime Association, he was unloading a ship containing raw sugar at the C&H Sugar plant. He was not an employee of C&H. He claims that as a result of the malfunction of C&H equipment, he was struck in the head and now suffers from a brain injury.

C&H denies Plaintiff's allegations of negligence and believes that Plaintiff's negligence claims are time barred and do not warrant equitable tolling.

   **(b)    The principal factual issues which the parties dispute:**

   (1)    Whether C&H's equipment was negligently maintained or operated;

   (2)    Whether C&H's alleged equipment malfunction caused Plaintiff brain injury.

**4.    The principal legal issues which the parties dispute:**

   **(a)**    Whether the statute of limitations has run on Plaintiff's negligence cause of action against C&H;

   **(b)**    Whether circumstances warrant equitable tolling of the statute of limitations that has already run on Plaintiff's negligence cause of action;

   **(c)**    Whether C&H was negligent in the operation and maintenance of its equipment;

   **(d)**    Whether C&H's alleged negligence was the proximate cause of Plaintiff's injuries.

**5.    Motions**

There are no pending motions in this case. However, C&H anticipates filing a motion for summary judgment including on the issue that Plaintiff's claims are time barred and they do not warrant equitable tolling.

**6.    Amendments of Pleadings**

Pursuant to Judge Zimmerman's December 28 order granting Plaintiff's motion for leave to file a First Amended Complaint against C&H, the court clerk was directed to file Plaintiff's First Amended Complaint.

**7.    Evidence Preservation**

C&H has complied with all applicable evidence preservation requirements.

**8.    Disclosures**

The parties have served Initial Disclosures.

**9.    Discovery**

**Defendant Proposes:**

**(a)    Factual Discovery**

If the case remains in this court, C&H proposes that each party shall take, as necessary, up to 10 depositions, provided that, if more depositions are necessary, the party seeking any additional depositions would obtain leave of court, pursuant to Fed.R.Civ.P. 30(a)(2) and consistent with the principles stated in Fed.R.Civ.P 26(b)(2). No party may serve more than 25 interrogatories on any other party, pursuant to the Federal Rules of Civil Procedure.

**(b)    Expert Discovery**

If the case remains in this court, C&H proposes 80 days before trial as the deadline for designating any expert witnesses and 60 days before trial for designating any rebuttal expert witnesses. C&H proposes 30 days before trial as the deadline for completing expert discovery.

**10.    Class Actions**

Not applicable.

**11.    Related Cases**

Not applicable.

**12.    Relief**

C&H believes Plaintiff is not entitled to any relief.

**13.    Settlement and ADR**

C&H has not had any discussions with Plaintiff regarding settlement and/or ADR.

**14.    Other References**

Not applicable.

**15.    Narrowing of the Issues**

None at this time.

- 4 -

**16.    Expedited Schedule**

Not applicable.

**17.    Scheduling**

If the case remains in this court, C&H proposes the following schedule:

Dispositive motions:  Hearing 90 days before trial

Discovery cutoff:  60 days before trial

Expert designation:  80 days before trial

Rebuttal expert designation:  60 days before trial

Expert discovery cutoff:  30 days before trial

Pretrial conference:  30 days before trial

Trial:  June 2009.

**18.    Trial**

If the case remains in this court, C&H anticipates the trial to last 3-5 days.

**19.    Disclosure of Non-party Interested Entities or Persons**

C&H does not have knowledge of any non-party interested entities or persons related to this case.

**20.    Other Matters**

None.

DATED: August 4, 2008                    EPSTEIN BECKER & GREEN, P.C.


                                         By:  /s/ Andrew J. Sommer
                                              Steven R. Blackburn, Esq.
                                              Matthew A. Goodin, Esq.
                                              Andrew J. Sommer, Esq.
                                              Attorneys for Defendant
                                              C&H SUGAR COMPANY, INC.

- 5 -

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

DATED:_____   _____
BERNARD ZIMMERMAN
UNITED STATES DISTRICT JUDGE