James T. Walker
P.O. Box 9301
109 Maher Court
Vallejo, CA 94591
Tele: (707) 315-3310

Plaintiff,
JAMES T. WALKER
in pro per

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL JURISDICTION

JAMES T. WALKER,

    Plaintiff,

vs.

C&H SUGAR, et. al.,

    Defendants.

Case Number: C07-3100 BZ

PLAINTIFF'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT

**JURY TRIAL DEMANDED**

**CASE MANAGEMENT CONFERENCE STATEMENT**

**I. JURISDICTION and SERVICE**

This action arises under the rules of admiralty and maritime law, (the Jones Act claims, 46 U.S.C., and general maritime laws, 46 U.S.C. 46, U.S.C. Section 688 recently re-codified at 46 U.S.C. 30106, Section 1333 - federal question, and 28 U.S.C. Section 1367 - supplemental jurisdiction).

All parties except Doe defendants have been served.

1

## II. FACTS

On or about May 1, 2002, while operating in the course and scope of his employment with Pacific Maritime Association, was employed at the C&H Sugar plant in Crocket, CA. On that date, Defendant C&H Sugar was engaged in unloading raw sugar which sugar was to be refined at its Crocket, CA location. A person operating C&H Sugar equipment (backhoe) struck Plaintiff causing Plaintiff severe disabling and life long injuries. The operator contemporaneously stated that the equipment malfunctioned.

Separately, Plaintiff claims that he was discriminated against by his employer and his union. Immediately after his injury, and while incapacitated, he, through the efforts of family members, sought help due to his disability and was ignored.

## III. LEGAL ISSUES

C&H Sugar and related parties asserts a statute of limitations defense. Plaintiff submits that he was incapacitated throughout the statute of limitations period and that said period is tolled due to injury to his brain accompanied by emotional paralysis.

Other parties claim no discrimination.

Plaintiff submits that C&H's cavalier attitude and policies contributed to his damages. No one offered to call an ambulance post incident and left Plaintiff in his own to seek medical care. The delay in obtaining treatment exacerbated the initial injury.

## IV. MOTIONS

Plaintiff anticipates moving the Court to add Defendants and causes of action post discovery. Plaintiff is presently unaware of whether or not C&H Sugar maintains its own equipment or is maintained by an outside source in which case such source will be added as a defendant.

## V. AMENDING PLEADINGS

Please see above.

## VI. EVIDENCE PRESERVATION

Plaintiff has preserved any and all evidence to be used in his case-in-chief. It is unknown whether or not C & H Sugar has preserved records regarding its equipment and statements taken at

2

the scene. C&H Sugar failed to contact Cal OSHA as required which omission

## VII. DISCLOSURES

Plaintiff provided his initial Rule 26 Disclosures.

## VIII. DISCOVERY

Plaintiff has not conducted discovery as yet. Plaintiff anticipates concluding his own discovery over the next 60 days.

## IX. CLASS ACTION

This is not a class action case.

## X. RELATED CASES

Plaintiff is unaware of any related cases.

## XI. RELIEF

Plaintiff seeks compensation for his injuries and compensation for the discrimination he's experienced.

## XII. SETTLEMENT and ADR

There have been no settlement discussions. Plaintiff is open to ADR.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff consents to the sitting Magistrate Judge.

## XIV. OTHER REFERENCES

None.

## XV. NARROWING ISSUES

Plaintiff submits that given his medical records, the tolling of the statute of limitations should be conceded by opposition parties.

## XVI. EXPEDITED SCHEDULE

None.

## XVII. SCHEDULING

Plaintiff suggests that he can designate experts without six months and will be ready for trial within one year.

3

## XVIII. TRIAL

Due to the number of medical documents and health care professionals dealing with multiple injuries, Plaintiff anticipates 7 days for trial before a jury.

## XIX. DISCLOSURES RE INTERESTED PARTIES

None.

## XX. *ERRATA*

Plaintiff anticipates obtaining the assistance of counsel prior to trial.

Date_____

*/s/ James T. Walker*
JAMES T. WALKER
Plaintiff in pro per

/////