FILED
AUG 1 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

James T. Walker
P.O. Box 9301
109 Maher Court
Vallejo, CA 94591
Tele: (707) 315-3310

Plaintiff,
JAMES T. WALKER
in *pro per*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL JURISDICTION

| | |
|---|---|
| JAMES T. WALKER, | Case Number: C07-3100 BZ |
| Plaintiff, | PLAINTIFF'S POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| C & H SUGAR, et. al., | Date: _____ |
| Defendants. | Time: _____ |
| | Court Room: G |

## I.

## FACTS

On or about May 2, 2002 Plaintiff suffered injury to a malfunction of equipment (backhoe) owned and operated by C & H Sugar. Plaintiff was aboard ship at the time of the incident and acting within the course and scope of his employment as a longshoreman during unloading operations. The injury consisted of Plaintiff being struck in the head by a malfunctioning backhoe with such force that the head injury left him totally disable, and temporarily incompetent.

The backhoe operator contemporaneously shouted to Plaintiff that the backhoe "malfunctioned." Plaintiff submits that if true, there is a likelihood that he will succeed on the merits in this case.

/

1

## II.

## THE COURT HAS DISCRETION TO APPOINT COUNSEL IN A CIVIL CASE

In a civil action, a plaintiff has no right to appointment of counsel, but a court may appoint counsel at its discretion. U.S. v. $292,888.04. 54 F.3d 564, 569 (9th Cir. 1995). The court has discretionary authority under 28 U.S.C. § 1915(e)(1) formerly 1914(d) to appoint counsel for an indigent to commence, prosecute or defend a civil action. Motions for the appointment of counsel under the above section are addressed to the sound discretion of the court and are granted only in exceptional circumstances. Alexander v. Ramsey, 539 F.2d 25 (9th Cir. 1976); United States v. Madden, 352 F.2d 792 (9th Cir. 1965).

A court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C 1915(e)(1) (formerly 1915 (d); Wilborn v. Escalderon 789 F.2d 1328, 1331 (9th Cir. 1986).

However, counsel may be appointed only in "exceptional circumstances." Terrell v. Brewer, 935 F.2 1015, 1017 (9th Cir. 1991).

In determining whether to appoint counsel, a court considers various factors such as the plaintiff's financial need, whether plaintiff has made diligent efforts to secure counsel, the likelihood of success on the merits, and plaintiff's apparent ability to articulate their claims in light of the complexity of the issues involved. See e.g., 28 U.S.C. 1915 (e) (1); Agyeman v. Corr.S Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Wilborn v. Escalderon, *supra*.

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel. Wilborn, *supra*

## III.

## LIKELIHOOD OF PREVAILING ON THE MERITS OF HIS CLAIMS:

The threshold question, therefore, is to determine whether there is a likelihood of prevailing on the merits of the claims. Wilborn *supra*.

2

Following Plaintiff's blow from a C&H Sugar owned backhoe, the backhoe operator contemporaneously shouted to Plaintiff that the backhoe "malfunctioned." Plaintiff submits that if true, there is a likelihood that he will succeed on the merits in this case.

## IV.

## PLAINTIFF'S ABILITY TO ARTICULATE HIS CLAIMS

Plaintiff is totally disabled and suffers from, *inter alia*, post-concussion symptoms, including severe chronic head-aches, ataxia, and memory problems which include short term memory loss which would likely cause severe problems in conducting a trial.

Plaintiff has a minimal education, has a minimal vocabulary, has problems expressing simple ideas, has grows angry from frustration in stressful social settings such as a trial. Plaintiff requires medication for pain management which medication, Plaintiff submits, would interfere with anyone's ability to conduct a trial.

It would seem inappropriate to allow C&H Sugar, the entity causing Plaintiff's injuries to benefit from Plaintiff's deficits.

## V.

## PLAINTIFF HAS EXERCISED DILIGENCE IN ATTEMPTING TO HIRE COUNSEL

Plaintiff discussed representation with his current workers compensation attorney who declined to represent him in a third party tort claim. Plaintiff has interviewed with three potential attorneys; all declined representation. Plaintiff contacted several other attorneys by telephone; all declining to represent him in this case.

Give the above, Plaintiff submits that he as exercised sufficient diligence to qualify for court appointed representation.

## VI.

## PLAINTIFF IS INDIGENT

As a result of Plaintiff's disability, he is unemployed and receiving social security disability. He has no wherewithal with which to hire counsel to represent him as to a very valuable property right; the right to be compensated for a debilitating injury.

3

1   Plaintiff asks for appointment of a lawyer not just because he has money problems but because
2   he has diagnosed mental problems. This mental infirmity is confirmed by the lengthy, rambling,
3   disjointed, and confusing manner in which he has represented himself in Court thus far in the case.
4   This is further supported by his claim his main source of income is disability for, *inter alia*, a brain
5   injury. Thus, for him, the issue is very narrow -- should the Court allow an indigent in Plaintiff's
6   situation to lose a valuable property rights without giving him a lawyer where he is incapable of
7   defending himself.

8   As the court observed in a unanimous opinion in Massey v. Moore (1954) 348 U.S. 105,
9   108-109 [99 L.Ed. 135, 138, 75 S.Ct. 145]: "No trial can be fair that leaves the defense to a man who
10  is insane, unaided by counsel, and who by reason of his mental condition stands helpless and alone
11  before the court. Even the sane layman may have difficulty discovering in a particular case the
12  defense which the law allows. See Gibbs v. Burke, 337 U.S. 773. Yet problems difficult for him are
13  impossible for the insane." (See also Wade v. Mayo (1947) 334 U.S. 672, 684 [92 L.Ed. 1647, 1654,
14  68 S.Ct. 1270], "There are some individuals who, by reason of age, ignorance or mental capacity, are
15  incapable of representing themselves adequately in a prosecution of a relatively simple nature . . . .
16  Where such incapacity is present, the refusal to appoint counsel is a denial of due process of law
17  under the Fourteenth Amendment.")

18  While Plaintiff's situation is not on all fours with the above cases, Plaintiff faces trial as an
19  unarmed man in the combat zone of Court.

20  This same unanimous court in Massey v. Moore, *supra*, made it clear a litigant need not be
21  incompetent to stand trial in order to be mentally deficient enough for due process to mandate
22  appointment of free counsel. "One might not be insane in the sense of being incapable of standing
23  trial and yet lack the capacity to stand trial without benefit of counsel." (348 U.S. at p. 108 [99 L.Ed.
24  at p. 138].)

25  t is true Massey v. Moore and like cases arose in the context of criminal proceedings.
26  Nonetheless, they articulated minimum standards demanded by due process -- a clause which applies
27  to civil as well as criminal cases -- not the Sixth Amendment which applies only to the latter. If it is
28

4

not merely difficult but impossible for a mental incompetent to defend himself without counsel in a criminal prosecution, it is just as impossible for him to do so in a civil case. And, even if due process eventually can be twisted to somehow tolerate imposing on normal poor people the difficult task of defending their property rights in the courts without lawyers, it can never be so stripped of meaning as to foist that task on those for whom it would be an impossibility -- mentally incompetent poor people. That is tantamount to sanctioning legalized robbery -- using the coercive power of the state to force defenseless people to surrender their property without a meaningful hearing.

## VI.
## CONCLUSION

Given the above, it is clear that Plaintiff's qualifies for appointment of counsel.

Date 8-15-08

*James T Walker*
James T. Walker
Plaintiff in *pro per*

5