UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROY WALKER,<br><br>    Plaintiff(s),<br><br>  v.<br><br>PACIFIC MARITIME ASSOC., et al.,<br><br>    Defendant(s). | No. C07-3100 BZ<br><br>**ORDERING GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

On June 13, 2007, plaintiff James Troy Walker ("plaintiff"), acting *pro se*, filed a complaint against C&H Sugar Co., Inc. ("defendant"), and other defendants alleging employment discrimination under Title VII of the Civil Rights Act. After I granted various motions to dismiss based, in part, on the untimeliness of plaintiff's claims, I permitted plaintiff to amend his complaint against defendant C&H to invoke the doctrine of equitable tolling on the grounds that he "lost legal competency for several years." (*See* Doc. No. 45.)

Defendant has moved for summary judgment on the ground that plaintiff's claim is barred by the applicable three year

1

statute of limitations under 46 U.S.C. § 763(a), recently re-codified at 46 U.S.C. § 30106.[1]  More specifically, defendant argues that no exceptional circumstances exist that would support equitable tolling of the applicable three-year statute of limitations.

Plaintiff's opposition to defendant's motion was due on April 1, 2009.  As required by Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998), plaintiff has been cautioned about the importance of submitting evidence in opposition to a motion for summary judgment to show that there is a genuine issue of material fact for trial, and was advised that if summary judgment is granted, the case would be dismissed and there would be no trial.  (*See* Doc. No. 89.)  No opposition was filed; however, as plaintiff is *pro se*, the Court has reviewed the record in deciding defendant's motion.[2]

Viewing the record in the light most favorable to plaintiff and drawing all reasonable inferences therefrom, the factual background to this case is as follows:

On May 1, 2002, plaintiff, as an employee of former defendant Marine Terminals Corporation ("MTC"), was scraping raw sugar off of the hull of a ship at the C&H Sugar refinery.  Plaintiff was injured when a backhoe, operated by another employee of MTC, malfunctioned and collided with a piece of

---

[1] All parties have consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

[2] For the purposes of this review, I have assumed that the various documents in the file were properly before the Court.  See Orr v. Bank of Am., 285 F.3d 764 (9th Cir. 2002).

1  metal, causing the piece of metal to strike plaintiff in the
2  face.[3]  The backhoe was owned by defendant C&H.
3       The incident resulted in substantial and chronic brain
4  damage to plaintiff, who has continued to suffer from physical
5  and mental symptoms such as severe headaches, dizziness,
6  ataxia, and memory problems.  Plaintiff testified in his
7  deposition that he was never declared legally incompetent by
8  any court and that none of his doctors ever recommended that
9  he be confined to a mental institution.
10      Two weeks after plaintiff's accident, he retained an
11 attorney, Cory Birnberg ("Birnberg"), to represent him in a
12 claim for Longshoreman and Harbor Workers Compensation Act
13 benefits.  Plaintiff also filed a union grievance regarding
14 the backhoe operator and personally attended the grievance
15 hearing.  In November 2004, plaintiff became dissatisfied with
16 Birnberg's legal representation, and in early December 2004,
17 plaintiff filed a complaint with the State Bar of California
18 against Birnberg for professional misconduct.[4]  Subsequently,
19 plaintiff retained Phil Weltin ("Weltin"), an attorney
20 plaintiff believed to be an expert in third party negligence
21 actions.
22      Plaintiff testified that he mistakenly believed that both
23 Birnberg (while he was acting as plaintiff's attorney) and
24 Weltin had been pursuing a civil third party action against

---

[3] The nature of the malfunction is unknown.

[4] The complaint against Birnberg was closed in April 2005 after the State Bar determined that there was insufficient evidence to establish that professional misconduct was committed.

3

defendant on his behalf.[5]  (Decl. of Andrew J. Sommer Exh. A, Walker Dep., 111:3-21, 112:10-23.)  Once plaintiff realized that his third-party action was not being pursued, he attempted to find another attorney to represent him.  (Id. at 112:15-23.)  Failing to find an attorney, plaintiff filed this complaint *pro se* on June 13, 2007.

Plaintiff's negligence claim against defendant is governed by the uniform three-year statute of limitations, which applies to suits for recovery of damages for personal injury or death, arising out of a maritime tort.  46 U.S.C. § 30106; Usher v. M/V Ocean Wave, 27 F.3d 370 (9th Cir. 1994).  As set forth in my earlier ruling (Doc. No. 45), the Supreme Court has held that there is a rebuttable presumption that all federal statutes of limitations contain an implied equitable tolling provision. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96-97 (1990); *see also* Walck v. Discavage, 741 F.Supp. 88, 90 (E.D. Pa. 1990) (stating it is a "general principle" that equitable tolling is "'read into every federal statute of limitation.'") (quoting Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946)).

Equitable tolling of a limitations period is appropriate in three circumstances: (1) where the plaintiff has actively pursued his judicial remedies by filing a timely but defective

---

[5] In a letter from Weltin to plaintiff dated December 28, 2006, Weltin informed plaintiff that he did not believe that plaintiff had a third-party claim.  The letter suggests that plaintiff and Weltin had previously discussed other possible legal actions for plaintiff to pursue, but that plaintiff was not satisfied with the answers that he had received from Weltin.

4

pleading (Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965)); (2) where extraordinary circumstances outside the plaintiff's control made it impossible for the plaintiff to timely assert his claim (Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999); or (3) where the plaintiff, by exercising reasonable diligence, could not have discovered essential information bearing on his claim (Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452 (7th Cir. 1990)); see also Logwood v. Apollo Marine Specialists, Inc., 772 F.Supp. 925, 927 (E.D. La. 1999) ("[e]quitable tolling applies principally when the plaintiff was actively misled about the cause of action by the defendant, was prevented in some extraordinary way from asserting his or her rights, or filed the same claim in the wrong forum.").

Mental incapacity and the effect it has upon the ability to file a lawsuit can be an "extraordinary circumstance" that supports the application of the doctrine of equitable tolling. Robles v. Leppke, No. 06-0219, 2007 WL 2462058 * 1 (E.D. Cal. Aug. 28, 2007); see also United States v. Brockamp, 519 U.S. 347, 348 (1997) ("[mental disability], we assume, would permit a court to toll the statutory limitations period"); Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003) (mental incompetence may warrant equitable tolling for the period the prisoner was incompetent if he can show that the incompetency in fact caused the filing delay).

In the Ninth Circuit, "[e]quitable tolling is unavailable in most cases. . . .", Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citing Calderon v. United States Dist. Court

5

1  (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in*
2  *part on other grounds by* Calderon v. United States Dist.
3  Court, (Kelly), 163 F.3d 530 (9th Cir. 1998)), and has been
4  found appropriate "when extraordinary circumstances beyond the
5  plaintiff's control [make] it impossible to file a claim on
6  time."  Stoll, 165 F.3d at 1242 (citing Alvarez-Machain v.
7  United States, 107 F.3d 696, 700 (9th Cir. 1996))[6]; *see also*
8  Irwin, 498 U.S. at 95-96 ("Federal courts have typically
9  extended equitable relief only sparingly.") (footnotes
10 omitted).

11     Even taking the evidence offered in a light most
12 favorable to plaintiff, there is insufficient evidence that
13 would create a genuine issue of material fact of
14 "extraordinary circumstances" that made it "impossible" for
15 plaintiff to file within the statutory period.[7]

---

[6] The limited application of the doctrine of equitable tolling in the Ninth Circuit is consistent with other circuit courts.  *See, e.g.*, Biester v. Midwest Health Serv., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996) (declining to toll 90 day EEOC filing period for mental incapacity due to "major depression" where no "exceptional circumstances" were alleged and "the evidence demonstrate[d] that, in spite of his mental condition, [plaintiff] 'was capable of pursuing his own claim,'" inasmuch as he "wrote to the EEOC . . . to request a right to sue notice"); Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996) ("Mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them. . . . Most mental illnesses today are treatable by drugs that restore the patient to at least a reasonable approximation of normal mentation and behavior.") (emphasis in original).

[7] Plaintiff does not present any of the other situations set forth in Irwin that would permit equitable tolling of the applicable statute in this case: he neither filed a timely though defective pleading within the applicable statutory period, nor is there any evidence that he was he tricked by defendant into allowing the deadline to pass.

There is scant evidence that during the period from May 1, 2002, the date of plaintiff's injury, to May 1, 2005, the last day within the applicable statutory period, plaintiff could not have filed a timely complaint against defendant or that plaintiff was mentally (or physically) incapable of filing a complaint against defendant.[8]  If anything, the opposite is true.  The record demonstrates that during the three year period at issue, plaintiff was fully capable of managing his legal affairs: after plaintiff was injured, he obtained legal counsel to pursue his worker's compensation claim; he pursued a union grievance and attended the grievance hearing; he filed a complaint with the State Bar against Birnberg; and he obtained new counsel upon becoming dissatisfied with Birnberg's legal representation, counsel whom he believed would handle any third-party lawsuits that he potentially could have brought.  Plaintiff also filed a charge of discrimination in 2007 with the EEOC against former

---

[8]  The record contains letters from various healthcare providers that state that plaintiff has been suffering from chronic brain injuries.  These letters, however, do not establish that plaintiff's medical condition prevented him from sufficiently articulating his claims or that plaintiff was too incompetent to tend to either his daily or legal affairs.  On September 17, 2008, a psychologist at the Department of Psychiatry at Kaiser Hospital in Vallejo, California, who had been treating plaintiff for several years, wrote a letter to the Court in support of plaintiff's motion for appointment of counsel stating that plaintiff suffered from "significant chronic head pain, dizziness, and other symptoms" that impact his ability to concentrate and his ability "to deal with complex matters."  Based on these mental and physical issues, the psychiatrist concluded that plaintiff was "incapable of representing himself."  This letter, however, was written well after the applicable statutory period had expired and presents no explanation for plaintiff's failure to pursue his claim within the prescribed limitations period.  *See* Grant v. McDonnell Douglas Corp., 163 F.3d 1136, 1137 (9th Cir. 1998).

defendant Pacific Maritime Association ("PMA") and requested a right to sue letter, and on June 13, 2007, plaintiff, proceeding in *pro se*, filed a Title VII discrimination claim against PMA, MTC, his union, and defendant, which is the origin of the current dispute.

Plaintiff has failed to offer any evidence or allege specific facts, and the Court has found none, that would create a "genuine issue of material fact" that his physical and emotional injuries were "exceptional circumstances" that prevented him from proceeding with his claims, especially in light of all of the contrary evidence listed above.  Nor do plaintiff's mental and emotional injuries rise to the level of the mental or physical incapacities contemplated by courts that have tolled limitations periods as a result of such incapacities.  *See, e.g.*, Stoll, 165 F.3d at 1242 (equitable tolling was proper where "overwhelming evidence" demonstrated that complainant was completely disabled during the limitations period and incapable of communicating with her lawyer); *Cf.*, Langner v. Simpson, 533 N.W.2d 511, 523 (Iowa 1995) ("The statute of limitations is not tolled if the person has a mental illness not rising to the level of a disability such as to prevent the person from filing a lawsuit. In short, the disability must be such that the plaintiff is not capable of understanding the plaintiff's rights."); Lopez v. Citibank, N.A., 808 F.2d 905, 906-07 (1st Cir. 1987).  Plaintiff's ability to consult with attorneys and file various other claims, such as with his union and with the State Bar, during his alleged period of legal incompetency undermines his claims

of legal incompetency.

I find no need for argument and vacate the hearing scheduled for April 29, 2009.  It is **ORDERED** that defendant's motion for summary judgment is **GRANTED**.

Dated:   April 20, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\Walker v. Pac. Maritime\ORDER ON MOT FOR SUMMARY JUDGMENTv.2.BZ VERSION.wpd

9