UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TROY WALKER, | )<br>) |
| Plaintiff(s), | ) No. C07-3100 BZ<br>) |
| v. | ) **ORDER AFFIRMING PRIOR**<br>) **SUMMARY JUDGMENT** |
| PACIFIC MARITIME ASSOC., et al., | )<br>)<br>) |
| Defendant(s). | )<br>) |

On April 1, 2009, plaintiff's opposition to defendant's motion for summary judgment was due.  It was not filed timely.  On April 20, 2009, defendant's motion was granted.  (Doc. No. 109.)  On April 21, 2009, plaintiff filed his opposition, without offering an explanation for the late filing.

Although plaintiff is *pro se*, the opposition appears to have been ghost-written by someone with considerable legal training.  Plaintiff and his "ghost-writer" were previously warned of the consequences of such a practice, but appear to have paid no heed to this prior warning. (*See* Doc. No. 65).  This casts a shadow on the credibility of plaintiff's late opposition.

1

1     Much of the evidence set forth in plaintiff's opposition,
2 I previously considered in reviewing defendant's motion.[1]
3 Plaintiff does, however, assert in his declaration that it was
4 due to the urging of friends and family that he was originally
5 able to find legal representation, because he was not
6 competent enough to "take care of [himself] [or his] legal
7 needs."  (Decl. of James T. Walker ("Walker Decl.") ¶4:5-6,
8 13-14.)  Plaintiff also states that "without my family and
9 certain key friends . . . I would not have taken any action
10 for myself."  (Walker Decl. ¶6.)  Because these assertions
11 directly relate to plaintiff's competency and his ability to
12 handle his daily and legal affairs during the relevant
13 statutory period, I have reviewed plaintiff's declaration to
14 determine whether it should alter my prior ruling.

15     While plaintiff's declaration is admissible evidence that
16 may be considered by the Court, Celotex Corp. v. Catrett, 477
17 U.S. 317, 322-23 (1986), postdeposition declarations that
18 contradict the affiant's deposition testimony cannot create a
19 genuine issue of fact to defeat summary judgment.  Block v.
20 City of L.A., 253 F.3d 410, 419 n.2 (9th Cir. 2001) (citing
21 Radobenko v. Automated Equip. Corp., 520 F.2d 540, 544 (9th
22 Cir. 1975) ("A party cannot create a genuine issue of material
23 fact to survive summary judgment by contradicting his earlier
24 version of the facts.").

25     During his deposition, plaintiff testified that he was

---

[1] For example, plaintiff refers to a letter dated September 17, 2008 to support his claim of mental incapacity, a letter which the Court previously considered in granting defendant's motion.

2

1 introduced to his first attorney, Cory Birnberg ("Birnberg")
2 through a man named Henry Palem, who was a "sergeant at arms"
3 and who gave plaintiff Birnberg's card one day when the two
4 men were present at "the hall." (Decl. of Andrew J. Sommer
5 Exh. A, Walker Dep. p.85:17-19).  Plaintiff also testified
6 that his relationship with his second attorney, Phil Weltin
7 ("Weltin"), began after he spoke with a woman by the name of
8 Tina Bunch, whom plaintiff ran into one day while leaving the
9 hospital, and who told him to hire Weltin because "he's the
10 most famous three-party lawsuit attorney in America."  (Id. at
11 p.86-87:15-25, 1-6.)  Plaintiff went to see Weltin "the next
12 day" after he terminated his relationship with Birnberg.  (Id.
13 at p.92:3-7.)

14     Plaintiff further testified that his wife has never
15 assisted him in pursuing his various legal claims, and that he
16 "pays attorneys, paralegals to do what they have to do to get
17 this resolved right and fair by me."  (Walker Depo. P.81:18-
18 24.)[2]

19     Based on the foregoing facts, I find that plaintiff's
20 declaration is inconsistent with much of his relevant
21 deposition testimony, and does not create disputed issues of
22 material fact.  To the extent that plaintiff received help
23 from family and/or friends in finding and retaining his legal

---

[2] When asked in what way his wife was involved in dealing with Birnberg, plaintiff responded: "Just being there with me.  I run my house." (Walker Depo. P.96:7-11.)  When asked if his wife had been a help to him during the period of time since his accident by completing tasks that he had given to her such as paying taxes and bills, plaintiff responded: "Yes, those, yes.  Just that and that's it and that's all." (Walker Depo. P.107:1-10.)

3

1 counsel, the evidence submitted by defendant shows that
2 despite plaintiff's alleged incompetency, plaintiff was still
3 capable of filing and attending a union grievance (*see* Walker
4 Depo p.61:18-22, 63:7-11) and competent enough to file a
5 complaint against Birnberg with the State Bar of California.
6 (Depo p.101: 3-10.)  Based on the foregoing, I find no need to
7 alter my prior ruling, or to hold a hearing, and defendant's
8 motion remains **GRANTED**.

Dated: April 24, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\Walker v. Pac. Maritime\ORDER AFFIRMING PRIOR RULING.wpd

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMES TROY WALKER,

       Plaintiff,                    Case Number: CV07-03100 BZ

  v.                                **CERTIFICATE OF SERVICE**

PACIFIC MARITIME ASSOCIATION
et al,

       Defendant.

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2009, I SERVED a true and correct copy(ies) of the attached **ORDER AFFIRMING PRIOR SUMMARY JUDGMENT**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Troy Walker
P.O. Box 9301
109 Maher Court
Vallejo, CA 94591

Dated: April 24, 2009

                                          Richard W. Wieking, Clerk
                                          By: Rose Maher, Deputy Clerk

                                          *Rose Maher*